The only question in this case is, whether the defendant was entitled to a notice to quit, before an action could be brought against him to recover possession of the premises. It is agreed by the counsel on both sides, and authorities are cited by each to show, that the defendant, at common law, would have been regarded as strictly a tenant at sufferance at the time this action was *Page 66 
commenced. As there is no doubt upon this point, we may assume it as an undeniable proposition; and it is equally certain that at common law a tenant at sufferance was not entitled to notice to quit. He was regarded as one holding over by wrong, after the determination of his interest, having no estate, but a naked possession only, and standing in no privity to the landlord. (4Kent, 116, 117; Jackson v. Parkhurst, 5 Johns., 128;Jackson v. McLeod, 12 id., 182; Co. Litt., 57, b.) A person in possession was not entitled to notice to quit unless there was either privity of contract or of estate between him and the landlord. (Jackson v. Fuller, 4 Johns., 215.) The wrongful holding was, however, by the laches of the landlord, and the tenant was not liable for rent, because it was the folly of the owner to suffer him to continue in possession after the determination of the preceding estate. Nor could the owner, before entry, maintain an action of trespass against such a tenant. (4 Kent, 117; 2 Black. Com., 150; Cruise's Dig.,tit. 9, ch. 2.) But the owner could enter upon the tenant at sufferance and dispossess him by force, and reap the crops, and thus determine the tenancy, and the tenant could have no remedy by action. (Wilde v. Cantillon, 1 Johns. Ca., 128; Hyatt
v. Wood, 4 Johns. R., 150; 2 Black. Com., 150.) This was upon the general principle that where one had no interest or property in the soil, and no exclusive possession, trespassquare clausum fregit could not be maintained. There can be no doubt whatever that, before our statutes on the subject of notice to tenants at will and by sufferance, the plaintiff might have either entered upon the defendant and dispossessed him, or brought ejectment and recovered possession without any demand or notice whatever. It becomes necessary, therefore, to a proper and satisfactory disposition of the case, to determine what changes have been made by statute on the subject of notice to this class of tenants, and whether any and what changes have been thus made in regard to what constitutes a tenancy at sufferance. *Page 67 
It is now provided by statute (1 R.S., 745, § 7), that wherever there is a tenancy at will or by sufferance, created by the tenant's holding over his term or otherwise, the same may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove from the premises. Section eight provides how such notice shall be served; and by section nine it is provided that at the expiration of one month from the service of such notice the landlord may reënter, or maintain ejectment, or proceed in the manner prescribed by law to remove such tenant, without any further or other notice to quit. The obvious purpose and design of these provisions of the statute were, to regulate and protect the rights of tenants of this description, by a definite and uniform rule, applying alike to each class of tenants specified; and to prescribe the conditions upon which the landlord should exercise his right of reëntry, and the prerequisites to his bringing an action of ejectment, or instituting summary proceedings to recover possession of his lands thus held. The statute, as will be seen, applies to all cases where the tenancy either at will or by sufferance exists in law, however created. And although the language is permissive, it is obvious that the legislature intended to impose a positive and absolute duty upon the landlord of giving notice, before the tenancy should be determined. In all such cases, permissive words in statutes have an imperative signification, and are to be so construed. Since the statute, therefore, the landlord can in no case, where such a tenancy exists, either reënter or bring ejectment until the expiration of one month from the service of the notice. It follows from this that if the defendant was, after the death of Mrs. Dings, a tenant by sufferance, the action cannot be maintained, no notice to quit having been given. But the plaintiff's counsel, while he admits that the defendant would have been a tenant at sufferance by the rules of the common law, denies that he is or could be such under our statute. It is contended that the statute has changed the *Page 68 
character of a holding over, like that in the present case, from a tenancy at sufferance to a trespass, and therefore no notice was necessary before bringing the action. This statute (1 R.S.,
749, § 7) provides that "every person who as guardian or trustee for an infant, and every husband seized in right of his wife only, and every other person having an estate determinable upon any life or lives, who after the determination of such particular estate, without the express consent of the party immediately entitled after such determination, shall hold over and continue in possession of any lands, tenements or hereditaments, shall be adjudged to be a trespasser." It also provides that the person so entitled may recover in damages against every such person so holding over, the full value of the profits received during such wrongful possession. The holding over in the present case falls directly within the terms of the statute, as there is no pretence that it was with the express consent of the party immediately entitled. Indeed, the whole case shows clearly that it was wholly without the plaintiff's consent. As the statute in express terms makes the person holding over, in this identical case, a trespasser, it is impossible that the defendant could have been a tenant at sufferance; and being a tresspasser, and not a tenant, he was not entitled to notice before action.
It is contended on the part of the defendant that the only object of this provision was, to give the party immediately entitled after the determination, a right of action to recover for the use and occupation subsequent to such determination, which he had not at common law, and not to change the nature or character of the occupancy from a tenancy at sufferance into a trespass. This can scarcely be so, because, had that been the object, the remedy would have been extended to every case of a tenancy at sufferance created by holding over without reference to the character of the estate determined. The common law gave no right of action in any case against a tenant at sufferance to recover *Page 69 
for use and occupation. And it is unreasonable to suppose that had the object been simply to enable the party entitled to recover rents and profits, the remedy would have been confined to the single case of holding over after the determination of a life estate.
In respect to the two other cases mentioned in the section, that of a guardian or trustee holding for an infant, and a husband seized in right of his wife only, neither of these persons holding over after the determination of their respective estates, became tenants at sufferance at common law. They were mere intruders, abaters and trespassers. At common law there was a material distinction between the cases of a person coming to an estate by act of the party and afterwards holding over, and by act of the law and then holding over. In the first case, which included an estate determinable upon any life or lives, he was regarded as a tenant at sufferance. In the other, to which belong guardians or trustees holding for infants, and husbands seized in right of their wives only, they were trespassers, and the relation of landlord and tenant never in any sense existed. (4Kent's Com., 115; Cruise's Dig., tit. 9, ch. 2; Co.Litt., 57; 1 Bouv. Law Dic., 525.) In respect to guardians or trustees of infants and husbands thus seized, therefore, the statute is only declaratory of the common law, while in respect to persons having estates determinable upon any life or lives, its effect must inevitably be to change the common law character of the holding over in their case, and render it tortious, precisely like that of an intruder or abator at common law.
It is true that a holding over like that of the present case, was wrongful at common law; but while it was continued by the laches of the owner, the law would not presume or hold it to be tortious, like that of an intruder or abator, until such owner had, by some public and avowed act, such as demand or entry, declared it to be such. (2 Bl. Com., 150.) But it is not material, in this case, to inquire *Page 70 
whether the plaintiff could maintain an action of trespass before entry. It is enough that the law adjudges the defendant, while he is thus holding over, to be a trespasser. Being a trespasser, there can be no privity and no semblance of the relation of landlord and tenant, between him and the plaintiff. In such case the owner could always enter and dispossess the occupant, or maintain ejectment without notice, and can do so still. It is claimed by the defendant's counsel that by § 11, (1 R.S., 745), a strong implication arises that the legislature regard a person holding over after the determination of a life estate as a tenant at sufferance. But I am unable to perceive anything in that section, or indeed in the previous sections, seven, eight and nine, at all inconsistent with the provision declaring that such a holding over as this shall be adjudged a trespass.
In reference to § 7, it is sufficient to say that a holding over like the present, does not now create a tenancy at sufferance, and the case does not fall within it. And the object of § 11 was only to provide a remedy for the person entitled, against the tenant wilfully holding over after the termination of the term and after demand and one month's notice in writing to quit, without reference to the particular character of such holding. The effect of it may be to give a person situated like the plaintiff a cumulative remedy, and enable him to recover double the yearly value of the land after notice, instead of the value of the profits received, as provided by § 7 (1 R.S.,
749), before referred to. But there is nothing inconsistent between the two sections, as § 11 may apply as well to a case where the holding over is tortious before notice, as to one where the holding becomes tortious after the notice. In either case the liability to pay the double yearly value does not attach until after the notice and the expiration of the time prescribed.
I think it is entirely clear, therefore, that the defendant was not at the time of the commencement of the action a *Page 71 
tenant at sufferance, and was not entitled to notice, and that the judgment of the supreme court is erroneous and should be reversed and a new trial ordered.
All the judges concurred.
Judgment accordingly.