(36 Misc. Rep. 201.)

GARCEWICH v. WOODS.

(Supreme Court, Appellate Term. October, 1901.)

1. ASSIGNMENT OF LEASE—RATIFICATION.
  Where a landlord accepts rent from the assignee of a lease with knowledge of the assignment, it is a ratification thereof.

2. SAME—RIGHTS OF ASSIGNEE.
  Where a landlord recognizes the assignment of a lease before the appointment in bankruptcy of a receiver of the assignor, the assignee is entitled to oust an occupant who entered on the premises under a claim of purchase of the lease on a sale by the receiver.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Henrietta Garcewich against James W. Woods. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

H. Linsey Johnson, for appellant.
Stern, Singer & Barr, for respondent.

McADAM, J. The proceeding was grounded on the allegation that the tenant intruded upon the premises in question and continued in occupation thereof without the consent of the petitioner, who claimed to be assignee of the lease of said premises. The tenant contended that the assignment to the petitioner, if any was made, was fraudulent; that ownership of the lease vested in the receiver, in bankruptcy, of the assignor of the lease; and that the tenant purchased the lease at a sale by the receiver of the assignor's property. Upon the petition and answer the only question presented for the determination of the justice was as to the right of possession of the described property.

The petitioner proved to the justice's satisfaction that two days before the appointment of the receiver in bankruptcy of the assignor (petitioner's husband) the assignment of lease was executed and delivered to her; that she took possession, and thereafter gave permission to the receiver to sell the assignor's goods remaining in the store; that she protested against a sale of the lease, and refused to allow the purchaser of the assignor's goods to remain on the premises; that on the day of the assignment, July 9, 1901, she saw the owner of the property, told him of the assignment, and paid

$125, the rent for July. The landlord's acceptance of the rent with knowledge of the assignment was sufficient evidence of his consent or waiver. Ireland v. Nichols, 46 N. Y. 413; Murray v. Harway, 56 N. Y. 337; Smith v. Rector, 107 N. Y. 610, 14 N. E. 825; Clark v. Greenfield, 13 Misc. Rep. 124, 34 N. Y. Supp. 1.

The exceptions do not present reversible error, and the justice's finding on the facts is amply authorized. Final order affirmed, with costs.

Order affirmed, with costs. All concur.