Matter of the Application of ULYSSES G. STOCKWELL, Owner, v. LUCIUS H. WASHBURN, Occupant.

(County Court, Albany County, June, 1908.)

Summary proceedings — Persons against whom remedy lies — Upon revocation of permission to one whose original entry was with permission only: Not against vendee in possession.

Vendor and purchaser — Enforcement generally — Summary proceedings.

> The provisions of subdivision 4 of section 2232 of the Code of Civil Procedure, authorizing summary proceedings to recover the possession of lands after revocation of permission and notice to the person to be removed, have reference to permission given to a person to occupy the premises after such person has intruded into or squatted upon the same and do not authorize such proceedings where the original entry was by the owner's permission.
>
> Summary proceedings are not authorized for the removal of a vendee in possession of real estate upon his breach of the terms of the contract.

SUMMARY proceedings.    The opinion states the case.

Joseph A. Lawson, for owner.

Lucius H. Washburn (Danforth E. Ainsworth, of counsel), for occupant.

ADDINGTON, J.    This is a summary proceeding for the recovery of the possession of land.

The proceeding is brought under section 2232 of the Code of Civil Procedure, and particularly under subdivision 4 thereof, which reads as follows:

" 4. Where he, or the person to whom he has succeeded,

has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

The defendant moves to dismiss the proceeding on the grounds that it is not shown in the petition that the conventional relation of landlord and tenant exists between the parties to the proceeding, and that there is no allegation in the petition that brings this proceeding within any of the additional conditions enumerated in section 2232 of the Code of Civil Procedure, where summary proceedings may be instituted in cases other than where the relation of landlord and tenant exists.

The petitioner alleges that he is the owner in fee simple of the property and premises No. 874 Lancaster street, in the city of Albany, N. Y.; that, on the 31st day of January, 1907, the parties to this proceeding entered into a written agreement in and by which the defendant agreed to purchase said property for $5,500 under the following terms: To pay $508 on the execution of the agreement; to assume a mortgage on the property of $3,000; to assume the payment of an assessment of $192 for the improvement of Lancaster street, and to pay the balance of $1,800; $75 thereof on the 1st day of July, 1907, together with interest on said $1,800 to that day, April 1, 1907; and thereafter $75 on the first day of each October, January, April and July, together with interest on the unpaid balance of said $1,800, until said $1,800 was fully paid.

The petitioner further alleges " that in and by said agreement your petitioner gave to said Lucius H. Washburn permission to occupy and have possession of the premises herein described from and after April 1, 1907, upon condition that said Lucius H. Washburn should keep the same free and clear from all taxes and assessments, and expenses or liens for betterments thereof, and keep the same insured for the protection of said $3,000 mortgage and said Ulysses G. Stockwell."

It is further alleged in the petition that said Washburn paid the $508, as provided in the agreement, and entered into the possession and occupancy of the premises April 1, 1907, and still continues in the possession thereof, and that in all other respects the defendant failed to comply with the terms of the agreement, and to make the payments provided for therein.

The petition further alleges that, on the 2d day of May, 1908, the following notice was served upon the defendant: " Take notice that you and all persons occupying the premises No. 874 Lancaster Street, in the City of Albany, N. Y., are required to quit the same by the fourteenth day of May, 1908, and that the permission heretofore given by me to you to possess the same premises is hereby · revoked, countermanded and determined."

These proceedings are sought to be maintained by the petitioner on the ground that the defendant neglected to vacate said premises in pursuance of the above notice, but continues in the possession thereof after default in the payment of the sums of money covenanted to be paid by him, and that, therefore, he is a squatter within the meaning of subdivision 4 of section 2232 of the Code of Civil Procedure.

There is no question but that the defendant obtained possession and entered upon the occupancy of the premises in a lawful manner, and under the terms of the agreement as set forth in the petition. It is not claimed that he intruded into or squatted upon the premises. The petitioner, however, claims that under the agreement the defendant had a mere naked permission to occupy the premises, subject to his rights to revoke that permission on the failure of the defendant to perform the covenants of the agreement on his part; and upon such failure the defendant, after notice of revocation of the permission, became a squatter, and that these proceedings will lie against him.

Even if this was a fair construction of subdivision 4 of section 2232 of the Code of Civil Procedure, I do not think that summary proceedings can be maintained against the occupant, but that the owner must resort to other remedies for any alleged breach of the covenants by the defendant.

35

The words " intruded into " or " squatted upon " in sub-
division 4, refer to an original entry in the premises; and it
seems clear that the word " permission," as used in the latter
portion of said subdivision, has reference to permission given
to a person to occupy the premises after such person has " in-
truded into or squatted upon " the same.

This construction of subdivision 4 is to some extent in-
ferred in the case of O'Donnell v. McIntyre, 41 Hun, 100,
in which the court say: " The only question to be deter-
mined is, did the respondent *gain* possession of the premises
as an intruder within the meaning of that term as the same
is used in said section? "

If the construction placed on subdivision 4 is proper, it
is evident that the petition does not state facts sufficient to
maintain summary proceedings; and it is, therefore, un-
necessary to consider the contention of the petitioner, namely,
that the defendant is a licensee and, on the revocation of the
license for a violation by him of the covenants of the agree-
ment and upon notice served, the defendant became a squat-
ter; and, therefore, these proceedings can be maintained.

The defendant's right of possession must be considered in
connection with all of his other rights in the premises under
the agreement.

McAdam on Landlord and Tenant, vol. 3, at page 258.
says: " When one person by a contract in writing agrees to
convey to another a piece of real estate, the relation of vendor
and vendee is formed. The relation is one peculiar to itself,
and so are its concomitants.

" Where the vendor is in possession and after delivering
the deed refuses to surrender, or the vendee is in possession
and refuses to consummate the purchase, the remedy open to
the aggrieved party *is not by summary proceedings but by
ejectment,* the relation existing between the parties not being
that of landlord and tenant."

He is not a mere licensee, as claimed by the petitioner.
He has greater rights under his agreement. He is the equi-
table owner of the premises. See Williams v. Haddock, 145
N. Y. 144; Hathaway v. Payne, 34 id. 103.

In the latter case the court say: " It is now too well es-

tablished to be questioned, that the interest of a vendee in such case, in the *contract,* is *real estate,* and in case of his death, it descends to his heirs, and not to his executors or administrators; and it is devisable as real estate. The vendor in such case is deemed in equity to be the trustee for the vendee of the title, and the vendee is the trustee of the vendor for the purchase money. The money due on the contract is treated as personal estate of the vendor; and in case of his death it goes to the executors or administrators of the vendor, and does not descend to the heir, and every subsequent purchaser from either, with notice, becomes subject to the same equities as the party would be from whom he purchased."

The agreement must be read in its entirety, and separate actions or proceedings cannot be instituted by either party for the violation of the different covenants.

The relation of landlord and tenant cannot be created by operation of law. It is not within the jurisdiction of this court, under the statute in question, to determine whether the defendant violated any of the covenants of the agreement and thus declare him a squatter and uphold these proceedings.

Even though the possession of the defendant is a license, the petitioner has no legal right to say he countermands, determines or revokes it; and, even though he had that power, he could not maintain these proceedings, as the defendant would not be a squatter as contemplated by subdivision 4 of section 2232 of the Code of Civil Procedure.

It seems clear that the possession, or license, or whatever the defendant's right to possession of the premises may be called, can only be litigated and his rights countermanded, determined and revoked, under this agreement, in an action.

The cases cited by the petitioner (Doolittle v. Eddy, 7 Barb. 76; Jackson v. Church, 7 Cow. 746) are not contrary to this contention.

The motion of the defendant is granted and the proceedings are dismissed, with costs to the defendant.

Motion granted and proceedings dismissed, with costs.