### LINCOLN TRUST CO. v. HUTCHINSON et al.

(Supreme Court, Appellate Term. January 21, 1910.)

1. DOWER (§ 56*)—WIDOW'S QUARANTINE—WIDOW'S SUBSEQUENT RIGHTS— ASSIGNMENT OF DOWER.

After the time allowed by Real Property Law (Consol. Laws, c. 50) § 204, has passed, the heir at law is entitled to possession, and the widow is relegated to her right of action for the assignment of dower.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 198; Dec. Dig. § 56.*]

2. FORCIBLE ENTRY AND DETAINER (§ 21*)—SUMMARY PROCEEDINGS—NATURE.

Summary proceedings are a creature of statute, and apply only in those cases designated by the statute.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 93–104; Dec. Dig. § 21.*]

3. FORCIBLE ENTRY AND DETAINER (§ 4*)—SUMMARY PROCEEDINGS—NATURE OF ENTRY.

Under Code Civ. Proc. § 2232, subd. 4, the petitioner in summary proceedings can prevail only where it is shown that the defendant has intruded or squatted upon the premises without the permission of the person entitled thereto.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 11, 13; Dec. Dig. § 4.*]

4. FORCIBLE ENTRY AND DETAINER (§ 11*)—SUMMARY PROCEEDINGS—LAWFUL ENTRY OF POSSESSION—NOTICE TO LEAVE.

Under Code Civ. Proc. § 2232, subd. 4, providing that land can be recovered by summary proceedings where a person has squatted upon or intruded into land without the permission of the person entitled to possession, where the person sought to be dispossessed has entered lawfully, no notice to leave can thereafter render him subject to the provisions thereof.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. § 52; Dec. Dig. § 11.*]

5. FORCIBLE ENTRY AND DETAINER (§ 32*)—SUMMARY PROCEEDINGS—QUESTION TO BE DETERMINED.

In proceedings under Code Civ. Proc. § 2232, subd. 4, the only question to be determined is, "Did the respondent gain possession of the premises as an intruder?"

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. § 156; Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Summary proceedings by the Lincoln Trust Company, as general guardian of Annie A. Le Vinness, against Maria S. Hutchinson and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

others. From a final order in favor of petitioner, Maria S. Hutchinson, the occupant, appeals. Final order reversed, and proceedings dismissed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

David Arthur, for appellant.

Bowers & Sands (Gerald S. O'Loughlin, of counsel), for respondent.

LEHMAN, J. The petition sets forth that the appellant's ward is the heir at law of William H. Hutchinson and is seised and possessed of certain real property, subject to the right of dower of Maria S. Hutchinson, which has not been assigned to her, and that more than 40 days has elapsed since the death of William H. Hutchinson, and the said Maria S. Hutchinson occupies the said premises to the exclusion of the petitioner. The answer sets forth that Maria S. Hutchinson occupied the premises prior to the death of William H. Hutchinson, and was in possession of and occupying the same at the death of William H. Hutchinson, and ever since that time has been in quiet possession thereof; that neither she nor the person from or through whom she claims was ever a tenant or lessee of the premises; and that she has not intruded into or squatted upon the said premises without the consent of the person entitled to the possession thereof. The answer further sets forth that the defendant, to protect the premises, paid off a mortgage upon the premises, and acquired all the interest of the mortgagee therein, and is therefore now a mortgagee in possession of the premises. The trial justice awarded possession of the premises practically upon the pleadings. Aside from the question raised for the first time on appeal as to the technical sufficiency of the petition, the appellant urges, first, that the petitioner is not entitled to possession; second, that, if it is entitled to possession, summary proceedings are not the proper method of obtaining possession.

It seems to me that the appellant is wrong upon the first point. A widow is entitled to remain in the chief house of her husband for 40 days after her husband's death. Section 204, Real Property Law (Consol. Laws, c. 50). Thereafter the heir at law is entitled to the possession, and the widow is relegated to her right of action for the assignment of dower. Nor has she obtained greater rights by the purchase of the mortgage. She never obtained possession as mortgagee by consent of the person entitled to possession. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151. However, we need not definitely decide this point because, even though the petitioner is entitled to possession, she cannot obtain it by summary proceedings. These proceedings are a creature of statute, and apply only in those cases designated by the statute. The petitioner can prevail only if it has shown that the defendant has intruded or squatted upon the premises without the permission of the person entitled thereto. Code Civ. Proc. § 2232, subd. 4. If the person sought to be dispossessed has entered lawfully, no notice to leave can thereafter render him subject to this provision of the Code. Stockwell v. Wash-

burn, 59 Misc. Rep. 543, 111 N. Y. Supp. 413. "The only question to be determined is, Did respondent gain possession of the premises as an intruder?" O'Donnell v. McIntyre, 41 Hun, 100. In this case the petitioner has not alleged that the appellant has intruded upon the premises, nor are there any allegations from which that fact could be inferred. On the contrary, while it has not alleged that the premises were the chief house of the decedent, it has alleged that 40 days have elapsed since decedent's death, and this allegation would be immaterial, except upon the assumption that they were the chief house. Under these circumstances it certainly does not appear that the entry of the appellant was unlawful. During these 40 days her possession was lawful and could not be disturbed. Thereafter the heir at law had the common-law right to obtain possession, but the statute has given her no additional rights.

The final order should be reversed, and the proceedings dismissed, with costs to the appellant. All concur.