HARRY C. WILLIAMS, Individually and as Administrator c. t. a. of the Estate of THOMAS MOOK, Deceased, and Others, Appellants, *v.* WILLIAM A. F. ALT, Respondent, Impleaded with HENRY A. LOTZ and Others, Defendants.

First Department, February 7, 1919.

**Landlord and tenant — occupancy under lease from life tenant after death of latter — when summary proceeding against such occupant will not lie — ejectment.**

An occupant in lawful possession under a lease from a life tenant for a term of years becomes a trespasser under section 1664 of the Code of Civil Procedure upon refusal to yield possession of said premises after the death of the life tenant, and the remedy of the owners is by action in ejectment and not by summary proceedings under sections 2231 and 2232 of the Code of Civil Procedure, since the conventional relation of landlord and tenant does not exist and the occupant is not such a trespasser as may be removed through such proceedings.

First Department, February, 1919. ·            [Vol. 186.

A proceeding for the summary removal of a tenant wrongfully holding the possession of real property is purely statutory and can only be taken where the conventional relation of landlord and tenant exists.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the plaintiffs, Harry C. Williams, individually and as administrator, and others, from a determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of November, 1918, affirming a final order in summary proceedings entered in the office of the clerk of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, on the 13th day of May, 1918, in favor of the above-named occupants dismissing the petition of the above-named owners and affirming an intermediate order of said Municipal Court.

*William R. Hill*, for the appellants.

*Max Schleimer*, for the respondent.

MERRELL, J.:

This is an appeal by the administrator of the estate of Thomas Mook, deceased, and the remaindermen in certain real property situate at 313 Third avenue in the city of New York, from a determination of the Appellate Term of the Supreme Court, First Department, affirming a final order in summary proceedings instituted in Municipal Court of the City of New York for the dispossession of William A. F. Alt, occupant of said premises, said order of the Municipal Court dismissing said summary proceedings.

The only question involved upon this appeal is whether summary proceedings, under the Code, will lie to oust the occupant from the possession of said real property. The occupant lawfully entered upon the possession of said premises under a lease made July 9, 1914, for the period of ten years beginning May 1, 1915, by one Henry R. Mook, the life tenant in said premises under the last will and testament of one Thomas Mook, deceased. By the terms of said will the premises in question were devised to the testator's son, the said Henry R. Mook, and his wife, during their joint

lives, with the remainder therein over to the heirs at law of said testator in case of the death of the said Henry R. Mook without leaving lawful issue. At the time of testator's decease, Henry R. Mook was màrried to one Helen Poole Mook, who thereafter died in 1910. Subsequently, on November 23, 1914, said Henry R. Mook remarried to one Jennie D. Mook, who now claims an estate for life in said real property, under the will of said Thomas Mook, deceased. To such claim and its influence upon the question presented upon this appeal, I will advert a little later.

Henry R. Mook died on February 24, 1917, leaving no issue, and at the time of his death the respondent herein was an occupant of said premises under said lease of the life tenant. After the death of said Henry R. Mook, the petitioners herein, the administrator with the will annexed of the estate of Thomas Mook, deceased, and the heirs at law of said decedent, served notice upon said occupant to vacate the premises. He failed to do so, and the petitioners instituted summary proceedings for his removal and for the removal of others occupying said premises, without the permission of the petitioners. The respondent appeared in said proceedings and answered the petition denying substantially all of the allegations thereof, except that the respondent admitted that he occupied the premises without the permission of the petitioners. Upon such pleadings a precept was issued in the usual form, requiring the occupants forthwith to remove from the premises in question or show cause before the Municipal Court of the City of New York why the possession of said premises should not be awarded to the said petitioners. Upon the day set for the trial of the issues raised by the pleadings the occupant made default, and an order was made awarding possession of the premises to the petitioners. Subsequently the occupant moved to vacate said order and to open his default, and to dismiss the proceeding. Thereupon an order was made opening the default and vacating the order of dispossession theretofore granted, and directing a new trial. Upon a rehearing the order was made by the Municipal Court from which the appeal was taken to the Appellate Term. As before stated, the question involved on said motion and on this appeal is as to whether or not, under the facts,

summary proceedings will lie to dispossess the occupants of said premises.

At the time of leasing the premises to William A. F. Alt the lessor, Henry R. Mook, owned a life estate therein, and had the right to lease the same. Unquestionably the ten-year lease which said life tenant had given the respondent terminated immediately upon the death of the lessor. Prior to and until the death of the life tenant the respondent was lawfully in the possession of the premises under said lease. Refusing to yield possession of the premises to the petitioners after the death of the life tenant, the occupant became a trespasser, and he thereby became liable to an action by the persons entitled to the possession of the premises for the full value of the profits received during his wrongful occupation. The status of the respondent is fixed by section 1664 of the Code of Civil Procedure, which provides as follows: " A person in possession of real property, as guardian or trustee for an infant, or having an estate determinable upon one or more lives, who holds over and continues in possession, after the determination of his trust or particular estate, without the express consent of the person then immediately entitled, is a trespasser."

The owners, appellants, contend that they may invoke summary proceedings to recover the possession of said real property, pursuant to the provisions and practice provided by sections 2231 and 2232 of the Code of Civil Procedure. A reading of section 2231 convinces me that the owners can have no right to institute landlord and tenant proceedings thereunder. The respondent is neither a tenant nor a lessee at will, nor is he a tenant at sufferance within the provisions of said section. Section 1664 of the Code, quoted above, makes the occupant of real property under such circumstances a trespasser, and, if so, he cannot be a tenant at sufferance or otherwise. As was stated in *Livingston* v. *Tanner* (14 N. Y. 64, 68): " As the statute in express terms makes the person holding over, in this identical case, a trespasser, it is impossible that the defendant could have been a tenant at sufferance." And at page 70: " It is enough that the law adjudges the defendant, while he is thus holding over, to be a trespasser. Being a trespasser, there can be no privity

and no semblance of the relation of landlord and tenant between him and the plaintiff." (See, also, *Torrey* v. *Torrey,* 14 N. Y. 430; *Cleveland* v. *Crawford,* 7 Hun, 616, 621.)

A proceeding for the summary removal of a tenant wrongfully holding the possession of real property is now purely statutory, and unless the petitioners are able to bring the facts within the statutory provisions, the proceeding will not lie.

The law is well settled that a summary proceeding for the recovery of real property in this State can only be taken where the conventional relation of landlord and tenant exists. Such relation is not shown to exist as between the present owners of the real property and the occupants. In certain cases of trespass, it is true, the proceeding will lie, but those cases are specifically mentioned in the Code provisions.

The petitioners maintain their right to institute these proceedings under the provisions of subdivision 4 of section 2232 of the Code of Civil Procedure. That subdivision provides as follows: " Where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

Under the facts of the present case that subdivision has no application. Subdivision 4 of section 2232 relates to a person who has *intruded into or squatted upon* the real property without the permission of the person entitled to the possession thereof, and the occupancy *thus commenced* has continued without permission of the persons entitled to the possession thereof. Surely the occupant of these premises did not intrude into or squat thereon, nor was the present occupancy commenced through intrusion or squatting upon the premises.

An " intruder " is defined by the Century Dictionary as " One who intrudes; one who thrusts himself in, or enters where he has no right or is not welcome." And, by the same authority, the term " squatter," in the sense used in the statute, is defined as: " One who or that which assumes domiciliary rights without a title."

While Alt is continuing in possession of the premises without the permission of the present owners, who are now entitled to possession, he did not commence his occupancy thereof by any unlawful or improper act, but received possession through a valid lease of the premises from the then owner.

While it would seem that no precedent need be cited to support so plain a proposition and to demonstrate the futility of the appellants' contention, the precise question has been passed upon a number of times and, so far as I know, where the question has been specifically raised, has uniformly been determined in harmony with the position of the respondent. (*O'Donnell* v. *McIntyre*, 41 Hun, 100; *Matter of Stockwell* v. *Washburn*, 59 Misc. Rep. 543; *Commonwealth Mortgage Co.* v. *De Waltoff*, 62 id. 639.)

In the latter case, after stating the absence of the conventional relationship of landlord and tenant, Mr. Justice SEABURY said: " Nor is it possible to sustain the petitioner's right to maintain these proceedings under subdivision 4 of section 2232 of the Code of Civil Procedure. That provision of the statute relates to the dispossession of those who intrude into or squat upon real property without the permission of the person entitled to the possession thereof. It cannot be denied that these tenants entered upon the premises with the permission of the person entitled thereto." (*Lincoln Trust Co.* v. *Hutchinson*, 65 Misc. Rep. 590.)

The case of *Barson* v. *Mulligan* (198 N. Y. 23), cited by the appellants as authority for the proposition that a tenant of real property under such circumstances may be removed through summary proceedings, is not in point. The question here presented was not involved in the decision in *Barson* v. *Mulligan*, and the statement in the opinion in that case (p. 25) that summary proceedings would lie to oust the lessee of a life tenant in possession after the death of the lessor, was clearly *obiter dictum*, and is not controlling.

I am, therefore, of the opinion that the petitioners herein have utterly failed to bring the facts presented within the provisions of the Code relative to obtaining possession of real property through summary proceedings. The whole difficulty lies in the fact that the conventional relation of landlord and tenant does not exist, and that, under the provisions of the

Code, the occupant is a trespasser, and that the cases provided by the Code where a trespasser may be removed through summary proceedings do not embrace such an occupancy as that of the respondent herein. Undoubtedly the appellants are entitled to the possession of the premises, but they are relegated to an action in ejectment to obtain the same.

Having reached such conclusion, it is unnecessary to consider the further position of the respondent, that, under the will of said Thomas Mook, deceased, the widow of the life tenant, Jennie D. Mook, is entitled to the possession of said real property during her lifetime. That matter was determined in Surrogate's Court upon application by said widow of Henry R. Mook, deceased, to vacate the appointment of the plaintiff Harry C. Williams, as administrator with the will annexed of the estate of Thomas Mook, deceased, the surrogate holding that, under the provisions of said will, the wife of the son, Henry R. Mook, who was living at the time of the death of the testator, was referred to in said will as a devisee of a life estate in said real property, rather than the second wife of said son, whom he had married after the death of the wife who was living at testator's decease. Such determination of the surrogate was affirmed in this court, and, I think, was decisive of that question.

But, upon the question of the right of the petitioners to maintain summary proceedings to oust the occupants of the premises in question, I think the final determination of the Municipal Court is entirely sound, and that such proceedings were properly dismissed.

The determination appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

This is a summary proceeding to recover the possession of the premises known as No. 313 Third avenue, in the borough of Manhattan, New York, and it was instituted in the Municipal Court, Fourth District.

On the 3d of April, 1885, Thomas Mook died seized of the

premises, leaving a last will and testament, which was duly admitted to probate on the twenty-ninth of April thereafter, by which he devised the premises to his son Henry R. Mook and wife " during their joint lives," but he evidently intended that the survivor of them should continue to enjoy the life estate for the devise of the remainder was on the death of the survivor. At the time of the death of the testator his son, Henry R. Mook, was married to Helen Poole Mook. She died on or about the 3d of March, 1910, and on the 23d of November, 1914, he married Jennie D. Mook, and died on the 24th of February, 1917, leaving her him surviving. On the 9th of July, 1914, Henry R. Mook executed a lease of the premises to the respondent Alt for the term of ten years from May 1, 1915. Alt entered into possession by virtue of said lease and, through subtenants, was in possession at the time of the death of Henry R. Mook, and ever since has so continued in possession thereof without the permission of the appellants. After the death of Henry R. Mook, and on the 27th of November, 1917, the appellants duly served a notice in writing on the respondent Alt and all other occupants of the premises personally, requiring them to quit and surrender possession of the premises on the 31st of December, 1917, and the petition shows that the respondent Alt and his subtenants failed to comply with said notice and continued to hold over and remain in possession of the premises without the permission of the appellants. These facts were set forth in the petition of the appellants for the removal of the respondent and his subtenants. The answer of the respondent admits the allegations of the petition with respect to his possession but joined issue on the other allegations. Said Jennie D. Mook, one of the respondents, who does not appear on the appeal, in an affidavit used on the motion to open the default, claimed to have given her consent to the respondent's remaining and continuing in possession of the premises.

When the proceeding was brought on for a hearing, after the default was opened, the attorney for the respondent moved for a dismissal on the ground that the court was without jurisdiction, and the motion was granted. The only ground upon which the respondent, in his application to open the

default, claimed to be entitled to continue in possession, was under said lease from the life tenant and he evidently then claimed, as he claims now, that Jennie D. Mook was a life tenant of the premises, and that he is lawfully in possession by her consent. Unless this contention be sustained, the respondent has no defense on the merits, and there was no ground upon which the final order entered by default should have been vacated. It is perfectly plain, I think, that the will of the testator referred to Helen Poole Mook, the wife of his son at the time of his death, and that Jennie D. Mook took no right, title or interest in or to the premises by virtue of the will, and it was so adjudicated by the Surrogate's Court, and the adjudication was affirmed by this court, on an application by her to vacate a decree granting letters of administration with the will annexed in the matter of the estate of Thomas Mook (*Matter of Mook*, 181 App. Div. 934).

The real point presented for decision is whether the lessee of a life tenant, who remains in possession after the death of the life tenant, and without the consent of the remaindermen and after thirty days' due notice in writing, served personally upon him, may be removed by them by summary proceedings, or whether, as contended by counsel for the respondent, their sole remedy is an action in ejectment. The argument of counsel for the respondent is based on the erroneous contention that a summary proceeding will lie only where the conventional relation of landlord and tenant exists. A summary proceeding to recover the possession of real property is a statutory remedy and the Legislature, in conferring it, was not limited to cases in which the conventional relation of landlord and tenant exists, and has not so limited it. It has given such a remedy to landlords in certain cases for the removal of tenants (Code Civ. Proc. § 2231), but it has also conferred the remedy on *owners* without the existence of the relation of landlord and tenant in certain cases where a person is in possession and holds over and continues in possession after notice to quit, such as was given in the case at bar (Code Civ. Proc. § 2232), and by virtue of subdivision 4 of section 2232 of the Code of Civil Procedure the remedy is given for the removal of a person who, or whose predecessor in interest, " has intruded into, or squatted upon, any real property, without the per-

mission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed," and is also given by section 2233 of the Code of Civil Procedure, for the removal of a person who makes a forcible entry in violation of the provisions thereof, or who having peaceably entered, holds possession by force, and for the removal of the assigns and undertenants and legal representatives of such a person.

This proceeding could not be sustained on the record now before the court on the theory that while the respondent's entry was peaceful, he holds possession by force within the provisions of said section 2233, for it may be that the latter part of that section should be confined to cases of withholding possession by force after the unlawful entry, although peaceably made, and in any event the petition contains no appropriate allegation showing that the respondent holds possession by force. I am of opinion, however, that it will lie under the provisions of subdivision 4 of said section 2232 of the Code of Civil Procedure on the ground that the respondent has intruded into or squatted upon the premises without the permission of the appellants within the fair intent and meaning of those terms as therein used, and that his occupancy thus commenced has continued without their permission. I do not agree with counsel for the respondent that these provisions should be strictly construed. Originally the statutory provisions authorizing the recovery of possession of real estate by summary proceedings were strictly construed, and it was held that the conventional relation of landlord and tenant by contract between the parties was essential (*Benjamin* v. *Benjamin*, 5 N. Y. 383; *People* v. *Simpson*, 28 id. 55), but that rule of construction has been gradually abandoned as the Legislature has from time to time extended the remedy, showing a legislative intent to afford this summary remedy to an owner for regaining the possession of his property wrongfully withheld and where no question of title or relating to the right of possession is involved, and the rule now is that where it is predicated on the theory of landlord and tenant the relation may be created by operation of law. (*Common-*

*wealth Mortgage Co.* v. *De Waltoff,* 135 App. Div. 33; *United Merchants' Realty & Imp. Co.* v. *Roth,* 193 N. Y. 570.) As I view the history of these statutory provisions affording this remedy by which they have · been enlarged and extended from time to time, it seems perfectly plain that the Legislature has attempted to afford this statutory remedy not only for the removal of a tenant who has forfeited his right to possession or holds over after his right of possession has terminated, but for the removal of all trespassers. (See 3 McAdam Landl. & Ten. [4th ed.] 31.) By virtue of the express provisions of section 1664 of the Code, the respondent is a trespasser and having entered and derived his right of possession from a life tenant only, he is precluded from questioning the title and right of possession of the remaindermen precisely as if they had been his landlord. (*Barson* v. *Mulligan,* 198 N. Y. 23; *Hinton* v. *Bogart,* 166 App. Div. 155; 18 Am. & Eng. Ency. of Law [2d ed.], 419.) His only pretense of a right of possession after the death of a life tenant is the alleged consent of the second wife of the life tenant, to which reference has been made. A trespasser withholds possession without right (38 Cyc. 1035), and on the theory that this particular instance of a trespass has been overlooked by the Legislature in prescribing the remedy by summary proceedings, the respondent challenges the appellants' right to regain possession otherwise than by an action in ejectment, which would necessarily enable him to retain possession for a considerable period longer, and unless this proceeding will lie against the respondent, the appellants have no remedy excepting by an action in ejectment, for the Legislature has seen fit to prescribe that one lawfully entitled to possession of real property may not regain possession by force. (Code Civ. Proc. § 2233.) Owing to the fact that his landlord's rights expired with his he probably is not removable under subdivision 1 of section 2231, on the ground that he is a holdover after the expiration of his term for that is a remedy given to a landlord. This is an additional reason for construing subdivision 4 of section 2232 as applicable. It is perfectly clear that by the provisions of said section 1664 of the Code of Civil Procedure the respondent is and ever since the death of his lessor has been in possession as a trespasser. It is likewise perfectly plain that if instead

of being in possession and remaining in possession as the life of his landlord expired he had intruded into possession or squatted upon the premises immediately after the death of the life tenant, he would be removable under the express terms of said subdivision 4 of said section 2232. But his possession in the one case as in the other is and would be precisely the same and is and would be that of a trespasser, and by declaring him to be a trespasser I think the Legislature has placed him in the same category as if he had entered originally without right, which would clearly make him an intruder or squatter and subject him to removal by summary proceedings under said subdivision 4 of section 2232. It appears by the revisers' note to that section that subdivision 4 was a new enactment recommended by the revisers and suggested to them by the provisions of chapter 396 of the Laws of 1857, which made it a misdemeanor to intrude or squat upon land without the permission of the person entitled to the possession thereof; and the revisers say that their object in recommending the enactment of said subdivision was more effectually to protect the rights of the owner by giving him this summary remedy for the *removal of the trespasser.* The phraseology of the subdivision is doubtless due to this origin thereof, but there is no reason why the legislative intent, plainly manifested thereby to afford a summary remedy for the removal of a trespasser, should be limited to the letter of the law as thus drafted by the revisers. There is no reasonable ground for inferring a legislative intent to differentiate between trespassers or for the court in construing a statute designed to enable owners speedily to regain possession of their premises unlawfully withheld from them by trespassers, to be guided in the construction by the letter rather than by the spirit of the statute. To hold that a trespasser who enters after the termination of the life estate may be so removed but that one who becomes a trespasser by failing to remove at the expiration of a life estate cannot be so removed, would in my opinion give an unduly narrow construction to the provisions of the statutes and would only result in further legislation to cover what the court would thus decide was an omission in the statutory enactment. It is the province of the court so to construe statutes affording civil remedies as

to carry into effect the spirit thereof, even though the Legislature has not used appropriate words to express clearly its intent. If the Legislature had not declared one so holding over to be a trespasser he would be a tenant by sufferance at common law until the termination of the tenancy by a notice to quit (*Livingston* v. *Tanner*, 14 N. Y. 64, 69; *Torrey* v. *Torrey*, Id. 430), and in such case after the notice, which has been given here, he would have been removable by summary proceedings. (Code Civ. Proc. § 2231, subd. 1; Id. § 2232, subd. 4; Id. § 2236.) If, therefore, the contention of the respondent prevails, the Legislature, by declaring one so holding over to be a trespasser, has *restricted* the rights of the owner with respect to obtaining possession. I think it is manifest that there was no such legislative intent. At common law a guardian or trustee holding possession for an infant or one holding possession as husband seized in the right of his wife only, holding over after termination of his particular estate, did not become a tenant by sufferance or otherwise, but said persons were deemed "mere intruders, abaters and trespassers," and as to them the statute declaring them to be trespassers is declaratory of the common law, but with respect to the lessee of a life tenant so holding over the statute declaring him to be a trespasser changed the common-law character of the holding and rendered it "tortious, precisely like that of an intruder or abater at common law." (*Livingston* v. *Tanner*, *supra.*) There appears to be no controlling precedent on this precise point but the construction I have given was applied to these statutory provisions by the Appellate Term in the Second Department in a well-considered opinion by Mr. Justice KAPPER in *Newman* v. *O'Rourke* (149 N. Y. Supp. 514), and was expressly given thereto in the unanimous opinion of the Court of Appeals in *Barson* v. *Mulligan* (*supra*), where the court in an action in ejectment was adjudicating with respect to the rights of a lessee of the life tenant who remained in possession after the death of the life tenant and claimed to be entitled to remain in possession as mortgagee. The court, in holding that having lawfully obtained possession as lessee, the tenant could not continue that possession as mortgagee after the expiration of the lease without further arrangement, stated that it was her duty to surrender possession upon

demand, and that if she failed so to do, she was subject to removal by summary proceedings. While, therefore, the precise point was not presented for adjudication in that case, the statement of the law thus deliberately made by a unanimous court was pertinent to the decision and is entitled to great weight.

For these reasons I am of opinion that both orders should be reversed, with costs to the appellants in this court and in the Appellate Term, and that the final order in their favor for the removal of the respondent and other occupants of the property granted by default, should be allowed to stand.

Determination affirmed, with costs.