B. J. GALLIGAN & COMPANY, INC., Landlord, *v.* P. S. M., INC., et al.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, April, 1921.)

*Summary proceedings — Code Civ. Pro. §§ 2232, 2236 — holding over after notice to quit — who is a " squatter "— landlord's remedy for breach of covenant against assignment of lease — acceptance of rent from assignee — when petition defective in description of lessor's interest in premises — proceeding dismissed.*

SUMMARY proceedings.

Alexander S. Lamont, for landlord.

Steckler & Weitzner (William Chilvers, of counsel), for tenants in possession.

GENUNG, J. The landlord has brought summary proceedings against P. S. M., Inc., and all persons occupying the premises known and described as the second floor in the building known as 35–39 West Thirty-third street, in the Borough of Manhattan, city of New York, on the ground, in substance, that they are squatters. The answer denies the principal allegations of the petition.

The proceeding is brought under sections 2232 and 2236 of the Code of Civil Procedure. Section 2232 provides: " In either of the following cases, a person, who holds over and continues in possession of real property, after notice to quit the same has been given, as prescribed in section 2236 of this act, and his assigns, tenants, or legal representatives, may be removed therefrom, as prescribed in this title: Where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, *without the permission of the person entitled to the possession thereof,* and the occupancy, thus com-

menced, has continued without permission from the latter, or, after permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed.''

There is no question about the giving of notice to quit the premises, as required by section 2236 of the Code of Civil Procedure.

It appears that the landlord herein made a lease in writing for a term of years with an individual who was a member of a partnership engaged in manufacturing sweaters. Subsequently the said individual bought out the interest of his partner, organized a corporation, of which he became the president and the principal stockholder, pledged the stock as collateral security for the payment to his former partner, and the corporation continues in possession of the premises. The landlord now contends that the corporation is a squatter and demands possession of the premises.

The petition alleges '' that the P. S. M., Inc., a domestic corporation, did, contrary to law, and without the permission of your petitioner, or of any person authorized to give such permission, intrude into and squat upon the aforesaid parcel of land, and that it still squats upon and holds possession of said premises and land, without such permission, and has refused and still refuses to remove therefrom.'' The courts have defined a '' squatter '' and an ''intruder'' and limited the application of section 2232, *supra.* In *Williams* v. *Alt,* 186 App. Div. 239; 226 N. Y. 283, 290, the Court of Appeals said: ''A squatter is one who settles on the lands of another without any legal authority, and an intruder is one who enters upon property where he has no right * * *.''

In that case it was held that a remainderman could not maintain summary proceedings under subdivision 4 of section 2232 against the tenant of a life tenant who had died. In *Smith* v. *Smith,* 174 N. Y. Supp.

747, the petitioner's mother died, after devising to the petitioner a dwelling in which her sons resided, and who had resided with her for some years prior to her death, and it was held that summary proceedings to oust them could not be maintained. In *Stockwell* v. *Washburn*, 59 Misc. Rep. 543, it was held that a vendee in possession and in default for non-payment of purchase price cannot be ousted in squatter proceedings. In *Commonwealth Co.* v. *De Waltoff*, 62 Misc. Rep. 639, a mortgagee who had foreclosed his mortgage, and who had purchased the property mortgaged at the foreclosure sale, brought proceedings to dispossess the tenants of the building, and it was held that the petitioner could not maintain summary proceedings. In *Lincoln Trust Co.* v. *Hutchinson,* 65 Misc. Rep. 590, the court held that a widow who remained in possession of her deceased husband's real estate after the quarantine period had expired could not be ousted by squatter proceedings. The P. S. M., Inc., came into possession of the premises by permission of the lessee named in the lease, who had been a member of the partnership, formerly conducting business in the premises, and the corporation was therefore in possession with the permission of the person entitled to possession. The remedy of the landlord, if any, is the common-law action in ejectment. 3 McAdam Landl. & Ten. 293.

It is claimed that there was a violation of the covenant in the lease against assignment or subletting. The answer to that claim is that there has been no assignment of the lease and no subletting of the premises. The lease continues in the name of the original lessee. The rent has been paid or offered to the landlord each month by the lessee or by the partnership, of which he was a member, or by the corporation, of which he is president. It cannot be said that the dissolution of a partnership in possession of leased prem-

ises and the continuance of one partner in possession is a violation of a covenant against assignments. *Roosevelt* v. *Hopkins*, 33 N. Y. 81. It is well settled that covenants against assignments are strictly construed against lessors. *Paddell* v. *Jones*, 84 Misc. Rep. 212. It is also well settled that the remedy of the lessor for breach of the covenants against assignments is by the common-law action of ejectment, as an assignment does not affect a termination of the lease by forfeiture. *Liebmann's* v. *Lauter*, 73 App. Div. 183; *Michaels* v. *Fischel*, 169 N. Y. 381; *Storms* v. *Manhattan R. Co.*, 77 App. Div. 94, 98; 178 N. Y. 493; *Dierig* v. *Callahan*, 35 Misc. Rep. 30; 1 McAdam Landl. & Ten. § 239.

The landlord has accepted one month's rent, after the formation of the corporation P. S. M., Inc., paid by the check of the corporation. If it were possible to hold there had been an assignment in violation of the lease, the acceptance of the rent from the corporation, regarded as assignee, would operate as a consent to the assignment. *Conger* v. *Duryee*, 90 N. Y. 594; *Garcewich* v. *Woods*, 36 Misc. Rep. 201; *Lorefice* v. *Sardella*, 88 id. 522. But there was no assignment established. If there was shown a possession by P. S. M., Inc., there was a presumption that the corporation was a licensee of the lessee (*Dey* v. *Greenebaum*, 82 Hun, 533; 152 N. Y. 641), and that presumption was not overcome.

In addition to the foregoing objections to the maintenance by the landlord of these proceedings, there was apparent on the face of the petition a defect, which deprived the court of jurisdiction. The petition alleges " that petitioner is a domestic corporation; that it is the lessee for a term of years, and is entitled to the immediate possession of the premises * * *." Section 2235 of the Code of Civil Procedure requires: " The applicant must present to the judge or justice, a written petition, verified in like manner as a verified

complaint in an action brought in the Supreme Court; describing the premises of which the possession is claimed, and *the interest therein of the petitioner,* or the person whom he represents; stating the facts, which, according to the provisions of this title, authorize the application by the petitioner, and the removal of the person in possession; \* \* \*." The allegations of the petition are not sufficient to comply with the provisions of the Code, *supra.* In *Matthews* v. *Carman,* 122 App. Div. 582, 585, it was held that an averment that he is the "lessor" and that he "leased" the premises did not constitute a description of the petitioner's interest in the property. In *Ferber* v. *Apfel,* 113 App. Div. 720, the recital that petitioner "is the lessee and landlord" was not sufficient to conform to the requirements of the Code. To the same effect are *Bell* v. *Karsch,* 52 Misc. Rep. 159, and *Loft* v. *Kazis,* 84 N. Y. Supp. 228. The court preferred not to grant the motion to dismiss at the opening, but to hear all the testimony and determine the issues on the merits.

Final order, therefore, is made in favor of the tenant, awarding to said tenant the possession of the premises, and dismissing the proceedings on the merits.

Proceedings dismissed.