ROBERT FRAZIER, Respondent, *v.* NOEL C. CROPSEY, Appellant.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Landlord and tenant — summary proceedings to dispossess — tenant assumed possession of premises with permission of another tenant — tenant not squatter pursuant to Civil Practice Act, § 1411, subd. 4 — error to submit case to jury — breach by other tenant of covenant against subletting immaterial.

In summary proceedings to dispossess, it was error for the trial court to submit the case to the jury, where it appears that the tenant, whom the landlord sought to remove from the premises, assumed possession of the premises with the permission of another tenant, then entitled to possession, since, under the provisions of subdivision 4 of section 1411 of the Civil Practice Act, the tenant proceeded against was not a squatter or intruder.

The question whether the other tenant had breached his covenant against subletting was immaterial, since he had given the tenant in question permission to occupy the premises.

APPEAL by the defendant tenant from a final order of the Municipal Court of the City of New York awarding possession of certain premises to the plaintiff landlord.

*Charles Marks,* for the appellant.

*Austin & Austin* [*Edmund O. Austin* of counsel], for the respondent.

PER CURIAM:

The appellant Cropsey having commenced his occupancy with the permission of the tenant Leone, then entitled to possession, was not a squatter or an intruder within the provisions of subdivision 4 of section 1411 of the Civil Practice Act. The case of *Williams* v. *Alt* (170 N. Y. Supp. 506), affirmed by the Appellate Division (186 App. Div. 235) and later by the Court of Appeals (226 N. Y. 283), is decisive of the question here involved, and the learned trial court was in error in submitting the case to the jury. Since it appeared that the appellant had " permission " of the tenant Leone to take occupancy, the question of whether the latter

had breached his covenant against subletting was wholly immaterial. This court has held in an opinion written by SEABURY, J., that the statute in question cannot be availed of where occupancy was given by persons in possession under leases claimed to be wholly void. (*Commonwealth Mortgage Co.* v. *DeWaltoff*, 115 N. Y. Supp. 1090, 1092.)

The final order is reversed, with thirty dollars costs, and petition dismissed, with costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.