MAUD F. WRIGHT, Petitioner, v. HARRY O. WRIGHT, Respondent.

Municipal Court of the City of Syracuse, December 16, 1946.

*A. Fairfax Montague* for petitioner.

*Raymond M. Bush* for respondent.

SKERRITT, J. This is a summary proceeding, not by a landlord against a tenant, but by a wife against her husband, after she has obtained a decree of separation, to evict him as an intruder or squatter from the residence property at No. 210 Rowland Street in the city of Syracuse, New York, owned by the wife, petitioner, which the parties have occupied as husband and wife.

Ordinarily a summary proceeding is based on the conventional relation of landlord and tenant. (*Fifth Avenue Shop, Inc.,* v. *Fox-Stiefel Co.,* 83 Misc. 127, same case 161 App. Div. 930.) In such case it is a jurisdictional prerequisite for the petitioner to establish such relation. (*Lawyers Title & Guaranty Co.* v. *Tausig,* 149 Misc. 594.)

In the instant case, however, that relation does not exist. So this proceeding is brought under a special statutory provision, subdivision 4 of section 1411, of the Civil Practice Act, which provides that a person entitled to the possession of real property may, after notice, evict a person who has " intruded into or squatted upon " such property, " without the permission of the person entitled to the possession thereof ".

The judge who granted the decree of separation to this petitioner said in his opinion that her husband's conduct toward her had rendered it unsafe and improper for her to cohabit with him; that she is the owner of this dwelling where they have resided; and that her ownership and possession of the property will provide for a portion of her maintenance. In this proceeding her sole ownership and right to possession are undisputed. The only question is whether she can evict her husband in this summary proceeding.

Following said decree, the husband being still in possession, she served upon him due and proper notice to vacate, and he refused. Thereupon she brought this special summary proceeding to evict him, as an intruder or squatter, under the above-mentioned subdivision 4 of section 1411. Under these facts, and the undisputed fact that the husband's original entry into this property was lawful, the sole question of law to be decided is whether the husband became an intruder or squatter, within the meaning of said subdivision 4 of section 1411, upon service of the notice upon him, and his subsequent refusal to vacate.

In Black's Law Dictionary [3d ed.], an " intruder " is defined as " One who enters upon land without either right of possession or color of title "; and a "squatter " is there defined as " One who settles on another's land * * * without legal authority." (See, also, *Williams* v. *Alt,* 226 N. Y. 283, 290; *Rosenzweig* v. *Portnoy,* 117 Misc. 136; *Frazier* v. *Cropsey,* 124 Misc. 367.) From these and similar definitions the courts have held that the words " intruded into or squatted upon ", as used in said subdivision 4 of section 1411 refer to the original entry upon the property, and that the right to use this limited statutory remedy depends upon a wrongful original entry. (*Matter*

of *Stockwell* v. *Washburn,* 59 Misc. 543; *Lincoln Trust Co.* v. *Hutchinson,* 65 Misc. 590.)

Where it appears, as in the instant case, that the respondent's original entry upon the property was lawful, he is not an intruder or squatter within the meaning of this subdivision 4 of section 1411. (*Brooks* v. *Brooks,* 146 Misc. 335; *Frazier* v. *Cropsey,* 124 Misc. 367, *supra.*) In *Lincoln Trust Co.* v. *Hutchinson* (*supra,* p. 591) Judge LEHMAN said, with reference to a similar proceeding: "These proceedings are a creature of statute and apply only in those cases designated by the statute. * * * If the person sought to be dispossessed has entered lawfully, no notice to leave can thereafter render him subject to this provision of the Code."

When a husband and wife have been living together upon the wife's property, and the wife becomes entitled to the sole and exclusive possession thereof, the husband cannot be summarily evicted, as an intruder or squatter, by a summary proceeding under this subdivision 4 of section 1411 of the Civil Practice Act. (*Cipperly* v. *Cipperly,* 104 Misc. 434; *Goodwin* v. *Goodwin,* 172 Misc. 118; *Mele* v. *Russo,* 168 Misc. 760; *Brooks* v. *Brooks, supra;* 6 Wait on New York Practice [4th ed.], § 15, p. 360; 8 Carmody on New York Pleading and Practice [2d ed.], § 263, p. 241.)

The usual form of action in which the right to possession of real property is determined, and possession thereof is obtained, is an action in ejectment. In this State such action is known simply as " an action to recover the immediate possession of real property." (Civ. Prac. Act, § 7, subd. 8.) This is the petitioner's proper remedy in the instant case. (Civ. Prac. Act, art. 63; *Wood* v. *Wood,* 18 Hun 350, affd. 83 N. Y. 575; *Goodwin* v. *Goodwin, supra;* 8 Carmody on New York Pleading and Practice [2d ed.], § 137, p. 126; 5 Wait on New York Practice [4th ed.], § 1, p. 12.) It has been held that a wife who, by reason of her husband's misconduct, has left a home owned by her, may maintain this ejectment action against the husband without giving him notice to vacate. (*Wood* v. *Wood, supra.*)

Petition herein is dismissed, with costs.