Arthur Waohtel, J.
Petition dismissed upon the authority of Williams v. Alt (170 N. Y. S. 506, affd. 186 App. Div. 235, affd. 226 N. Y. 283); Frazier v. Cropsey (124 Misc. 367); Stengel v. Morehead (194 Misc. 1027). The case of Greif Realty Corp. v. Moroff (82 N. Y. S. 2d 396) relied upon by the attorney for the landlord, is distinguishable. In the case at bar, the tenant in possession sublet a portion of the apartment to the occupant. In the Greif case, the tenant continued to occupy the premises after expiration of the lease, then vacated the *62 premises and sold his furniture to the occupant who thereupon took over possession of the entire premises. This was tantamount to an assignment of the lease by the tenant out of possession under such circumstances as to indicate a secret device to assume the prerogative of the landlord. The court held that the tenant out of possession could not transfer the statutory protection of the rent control law to a stranger in the manner in which he did. The lower court erroneously restricted the jury to consider only the question whether the occupant was in possession with the permission of the tenant. (See, also, Hunt v. Gilmore, 198 Misc. 50.) So also where two days before the termination of the lease and after the landlord had refused to accept the occupant as a tenant, one of the lessees permitted the occupant to enter and another tenant joined in a proceeding to remove the occupant as a squatter, and the Appellate Term, First Department, directed a final order for the landlord (Birdie Management Corp. v. Dunton, 60 N. Y. S. 2d 673). But where the tenant continues in possession and subleases a portion of the premises, the landlord is amply protected by proceeding against the tenant in accordance with the provisions of the rent control law and regulations. (See, for discussion of these cases, 1952 Report of N. Y. Law Rev. Comm., pp. 607-639, and the learned opinion of Mr. Justice Fbauk in Stephen Estates v. Kaplan, 198 Misc. 948, and see Viggiano v. Grojensky, 72 N. Y. S. 2d 15.) The proof in the case at bar is not sufficient to come within the rule of the cases of Greif Realty Corp. v. Moroff (supra) and Birdie Management Corp. v. Dunton (supra). (Cf. Herberg Realty Corp. v. Allen, 69 N. Y. S. 2d 181, where the court distinguished the Birdie case and followed Frazier v. Cropsey.)
Accordingly, petition dismissed.