### HUBER *v.* BLETZER.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

**1. EJECTMENT—WHEN LIES.**

Where a person lives with his wife and family on land belonging to the wife, but has no interest in the possession of the land other than as husband, ejectment by a third person will not lie against him.

**2. SAME—PLEADING—ADMISSIONS IN ANSWER—CONCLUSIVENESS.**

In ejectment defendant in his answer alleged that at the time (1881) of the delivery of the deed under which plaintiff claimed, the land was in his (defendant's) actual possession; that he entered into possession under a deed made in 1870, and in 1886 conveyed the land to one S., who, on the same day, conveyed to his (defendant's) wife; that thereafter his wife continued in the possession and occupation of the land; that there had been a continuous occupation and possession under claim of title and adverse to plaintiff by his said wife and her grantors for more than 20 years prior to the commencement of the action; that defendant "is in the possession and occupation of said premises under" his wife, "and was lawfully in the possession thereof with the permission of " his wife when the action was brought. *Held,* that the answer did not admit an actual possession by defendant independent of his wife, and he could defeat the action by showing that he was only in possession as her husband.

Appeal from circuit court, Monroe county.

Ejectment by Mary S. Huber against John Bletzer. From a judgment dismissing the complaint after a nonsuit, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

The answer alleged: "*First.* That as to the allegations contained in the first paragraph of plaintiff's complaint, to wit, that one George Schrier and Elizabeth, his wife, on or about the 11th day of May, 1881, executed a warranty deed in writing, and thereby, for a valuable consideration, sold and demised to plaintiff the premises described in the complaint, to hold to plaintiff and her heirs forever, and that said deed was duly delivered to plaintiff as in said complaint is alleged, defendant has no knowledge or information sufficient to form a belief. *Second.* Defendant denies generally and specifically each and every other allegation in said complaint contained. *Third.* And

for a third and separate answer to plaintiff's said complaint the defendant further alleges that at the time of the alleged delivery of the deed to plaintiff, and under which she claims title, the strip of land described in the complaint was in the actual possession of this defendant; that this defendant entered into the possession of said strip of land under claim of title, to wit, under a deed from one Samuel C. Steele and others, dated on the 21st day of November, 1870; * * * that thereafter the defendant conveyed all his interest in the premises described in the last-mentioned deed, including the strip of land described in the complaint, to one John Stager, by deed, * * * (in 1886,) and said Stager on the same day conveyed said premises to Mary Ann Bletzer, and thereafter the said Mary Ann Bletzer continued in the possession and occupation of said premises under said last-mentioned deeds, and that there has been a continuous occupation and possession of the strip of land described in the complaint, under claim of title, and adverse to plaintiff, by said Mary Ann Bletzer and her grantors, for more than twenty years prior to the commencement of this action, and during all said period of twenty years said strip of land has been used and occupied as part of the premises included in said last-mentioned deeds, and has been properly inclosed and fenced; and that this defendant is in the possession and occupation of said premises under said Mary Ann Bletzer, and was lawfully in the possession thereof with the permission of said Mary Ann Bletzer, at the time of the commencement of this action, and plaintiff never had any right or title to the possession of the said strip of land, or any part thereof. Wherefore defendant demands that plaintiff's complaint may be dismissed, with costs of this action."

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

H. B. Hallock, for appellant. D. C. Feely, for respondent.

MACOMBER, J. This action is ejectment, and it was brought to recover the possession of a strip of land lying upon the west side of the plaintiff's lot on Maple street, in the city of Rochester, N. Y., 11 inches wide in front, and extending back 165 feet, and ending in a width of 18 inches in the rear. The defense consisted of a general denial, and an affirmative allegation that for more than 20 years prior to the bringing of this action Mary Ann Bletzer, the wife of the defendant, who was not made a party to the action, and her grantors, (the immediate grantor being shown to be the defendant himself,) were in possession and occupation of this strip of land under a claim of title adverse to the plaintiff. In the year 1870 a deed was made and delivered to the defendant which covered this strip of land. There was evidence to show that a substantial fence had been erected and maintained at that time on the east side of this lot on the same line where a fence now stands. On May 12, 1886, the defendant conveyed the premises to one Stager for the purpose of enabling the latter to convey the same to the defendant's wife, Mary Ann Bletzer, which was accordingly done by deeds which contained in substance the same description as that contained in the deed of November 21, 1870, to the defendant himself. It was furthermore shown that Mary Ann Bletzer, from the time of the conveyance to her, continued in possession and occupation of the premises, the defendant living in the house and supporting the family as husband, but having no interest in the possession of the property other than as the husband of the true owner, Mary Ann Bletzer.

There are allegations in the answer from which it is argued with earnestness by the learned counsel for the appellant that the defendant has admitted therein an actual occupation of the premises, and hence is a proper party in an action of ejectment, and that a judgment may be had against him. This argument, it is true, does not lack corroboration from certain clauses in the answer. But this pleading, taken as a whole, does not, as it seems to us, assert any independent possession of the real estate in question other than

that which he incidentally possessed as the husband of the true owner, with whom he lived. There is nothing in the answer which shows that this defendant is the tenant of the premises, or has any control over the same. We are of the opinion that, in view of the inconclusiveness of the answer upon this subject, it was quite competent for the court to permit the evidence which was actually given, showing that the possession and occupation of the premises was wholly that of the wife, and that the husband had no interest therein, except as husband of the true owner, and that consequently this action cannot be maintained against him. The evidence upon this subject being entirely uncontradicted, no question of fact arose for the consideration of the jury, and hence, as we think, the nonsuit was proper. Judgment and order appealed from affirmed. All concur.