County Court, Rensselaer County, September, 1918. [Vol. 104.

be guided by the. facts as they are presented before them.

There being enough commissions now in existence I direct that the three Saugerties claims be sent to the Yale Quarry Commission and the Sands claim to Business Damage Commission No. 5.

Ordered accordingly.

---

BERTHA M. CIPPERLY, Plaintiff, *v.* HERBERT J. CIPPERLY, Defendant.

(County Court, Rensselaer County, September, 1918.)

Husband and wife — when living together upon premises owned by wife husband is not a squatter — real property — Code Civ. Pro. § 2232(4).

> Where a husband and wife are living together upon premises owned by her he is not a squatter or an intruder upon the property within the meaning of section 2232(4) of the Code of Civil Procedure, and her petition thereunder to oust him as a squatter must be dismissed, though it is alleged that the permission given to him to occupy the premises had been revoked and notice thereof was duly given to him.

SUMMARY PROCEEDING for the purpose of ' ousting defendant as a squatter on property of plaintiff.

Lucien E. Clickner, for plaintiff.

John W. Roddy, for defendant.

RUSSELL, J. This is a summary proceeding for the purpose of ousting the defendant as a squatter on the property of the plaintiff. This proceeding is brought under section 2232 of the Code of Civil Procedure and particularly under subdivision 4 of said section, which reads as follows: " Where he, or the person to whom

he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed.''

The defendant moves to dismiss the petition upon the ground that the petition is defective and does not set forth facts sufficient to maintain summary proceedings, as there is no allegation of the defendant being an intruder or a squatter on the premises or any other allegation showing that defendant comes under any of the provisions of section 2232 of the Code of Civil Procedure. The petition of the plaintiff alleges that the said plaintiff, Bertha M. Cipperly, is the owner in fee simple of certain parcels of land in the town of Poestenkill, containing in all about 131.4 acres more or less. The petition further alleges that Herbert J. Cipperly, the defendant, was given permission to occupy said land in question but that said permission was revoked and notice of said revocation was duly given to said defendant. Further, that said Herbert J. Cipperly holds over and continues in possession of said real property after a notice to quit has been given.

It appears from the facts that the plaintiff and defendant are husband and wife and were when this proceeding was brought.

I think the principal question to be decided in this proceeding is whether the defendant, the husband of the plaintiff, is a squatter or an intruder within the meaning of the law.

The property in question is evidently the property of the plaintiff. On it she and her husband and family have lived, making it their home. If it be insisted by the plaintiff that the defendant has been in possession

of the property rather than herself, the legal owner, then because of the marital relations it must be presumed that the possession was under an implied contract. That would make the husband lawfully in possession. If it be assumed that the plaintiff, or wife, while living with her husband had the power to deny to the husband the legal possession of the premises by the service of a notice then the result would be that possession would immediately be that of the wife and the husband would no longer be in possession. Under such circumstances he would not be a squatter on the premises.

It necessarily follows that while the parties are living together as husband and wife neither could oust the other as a squatter. In the present case, construing the facts most favorably to the plaintiff, she is in possession and the defendant is not. This proceeding therefore must fail. *Martin* v. *Rector,* 101 N. Y. 77; *Huber* v. *Bletzer,* 19 N. Y. Supp. 506.

Such a proceeding as this would be dismissed in common law because of the husband's right in the wife's real estate under the marital relation. These rights of the husband have been taken away by statute, but the marital relation remains, and in no sense is a husband, living with a wife on property owned by her, in possession of the property or a squatter upon the property. If there is to be a separation between the parties so that either may compel the other to live apart, the law provides a way of accomplishing it. The way provided is not this proceeding.

It is therefore my opinion that the petition in this proceeding should be dismissed.

Petition dismissed, with costs.