ETHEL GOODWIN, Plaintiff, *v.* ARTHUR T. GOODWIN, Defendant.

Supreme Court, Special Term, Nassau County, June 20, 1939.

*John H. Denton,* for the plaintiff.

*Paul Leach,* for the defendant.

LOCKWOOD, J. This is an application for temporary alimony and counsel fee in a separation action.

The plaintiff further seeks an injunction restraining the defend-

ant from annoying, visiting or communicating with plaintiff during the pendency of the action.

At the time the action was commenced defendant was and still is living in the house owned by the plaintiff, where the parties have resided together for some time with their two children. The house was built by the defendant some years ago and conveyed by him to the plaintiff in 1933. Thereafter he placed a mortgage on it for $11,280. Since that time the plaintiff has paid practically all the carrying charges and installments of principal. The motion, in so far as plaintiff seeks an injunction, is an application for an order ejecting defendant from the matrimonial domicile.

A wife is entitled to the enjoyment of her separate estate and may sue her husband to enforce any such rights as though he were a stranger; she may bring a suit in ejectment. (*Wood* v. *Wood,* 83 N. Y. 575; *Wright* v. *Wright,* 54 id. 437.) However, when husband and wife are living together upon the wife's property he is not a squatter or intruder, and may not be summarily ousted. (*Cipperly* v. *Cipperly,* 104 Misc. 434.)

The courts of this State have no common-law matrimonial jurisdiction, their sole power being that conferred by statute. (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Kunker* v. *Kunker,* 230 App. Div. 641.) Furthermore, Special Term for Motions has not general equitable jurisdiction. (*Barrett* v. *Barrett,* 221 App. Div. 710.)

The Civil Practice Act empowers the court to order payment of alimony and counsel fee (§ 1169) and provides for the custody and maintenance of children and support of the wife (§ 1170), but counsel submits no authority empowering the court to direct that the husband leave the matrimonial domicile. Accordingly, the motion is denied in so far as plaintiff seeks an injunction.

This plaintiff obtained employment and is working hard supporting the home and the two small children. She expressed a willingness to continue to do this if he would go with friends or relatives, secure a position and rehabilitate himself. The court believes such a course should have been agreed to by the defendant, for it probably would have, in a few months, reunited the family. The wife cannot be expected to support herself, the home and the children and the defendant husband while he remains idle. He is a man of ability who should be at work.

Alimony eight dollars per week, commencing week ending June 17, 1939; counsel fee one hundred dollars, payable fifty dollars by July 31, 1939, and fifty dollars on or before day of trial. Submit order, two days' notice.