CLINTON A. Cox, Respondent, *v.* ANNETTA L. Cox, Appellant.

Third Department, April 28, 1943.

*Richard M. Rubin* for appellant.

*Woolsey & Woolsey* (*Royal D. Woolsey* of counsel), for respondent.

*Per Curiam.* This is an appeal from an order entered in the office of the clerk of Madison County, modifying a decree of divorce. An interlocutory decree of divorce was granted to plaintiff-respondent on March 21, 1942, which decree, among other things, awarded custody of the six children of the marriage of the parties hereto to the plaintiff. These six children range in age from two to sixteen years. Prior to the divorce action, the parties lived in a small house at Perryville, New York, which they owned as tenants by the entirety. The order appealed from modified the interlocutory decree of divorce by providing that the plaintiff-respondent is entitled to the use of this house and lot for the purpose of maintaining and caring for the children of this marriage until the further order of the court without interference by the defendant-appellant. The order was granted pursuant to the provisions of section 1170 of the Civil Practice Act, which provides that in an action for divorce, the court " must give, either in the final judgment, or by one or more orders, made from time to time before final judgment, such directions as justice requires, between the parties, for the custody, care, education, and maintenance of any of the children of the marriage."

The defendant-appellant contends that the decree of divorce severs the tenancy by the entirety rendering it a tenancy in common and where a tenancy in common exists, a partition action is maintainable. The learned justice who granted the order states in his opinion that from the oral argument it appears that defendant-appellant " is seeking from plaintiff, a factory worker already under financial obligations, approximately $500, under threat of a partition action."

While this provision of section 1170 of the Civil Practice Act is broad and requires that either in the final judgment or by orders made from time to time the court must make " such directions as justice requires " for the custody and maintenance of any children of the marriage, we cannot find that this section is authority for depriving defendant-appellant of her right in this real estate, which is a proper subject for a real property action. We agree that from the record it would appear that the equities are with the plaintiff-respondent and that provision must be made for the maintenance and care of these six children; however, we find no statute or judicial decision that would warrant the adjudication of a real property right in a matrimonial action. " The Appellate Division has the power to review the discretion exercised by the trial court and if dissatisfied in whole or in part with the determination of the trial court it may reverse and either remit the case to the trial court for further consideration or it may itself in the exercise of plenary discretion vested in it determine in detail the provisions for the custody of the child which it deems wise." (*Harrington* v. *Harrington*, 290 N. Y. 126.)

In the exercise of the discretion vested in this court, the order modifying the decree of divorce from which this appeal is taken is modified by striking therefrom the ordering clause and substituting therefor the following: " It is hereby Ordered, Adjudged and Decreed that the decree of divorce heretofore granted be, and the same hereby is modified, and the defendant Annetta L. Cox is hereby directed to pay to the plaintiff for the care, education and maintenance of the children of the marriage of the parties hereto the sum of Ten dollars ($10.00) each week until further order of the court unless such defendant shall within ten days from the entry and service of this order stipulate in writing that the plaintiff be granted the use of said house, as above set forth, for the care, education and maintenance of the children of said marriage until the further order of the court, in which event, the provision herein for the payment of weekly instalments shall become void and of no effect."

As so modified, the order appealed from, dated July 10, 1942, is affirmed, without costs.

BLISS, J. (dissenting). I vote to affirm the order of the Special Term and dissent from the modification. It is conceded by the majority that the equities are with the plaintiff-respondent and that provision must be made for the maintenance and care of the six children of these parties. The statute, section 1170 of the Civil Practice Act, provides that we must give such directions " as justice requires " between the parties, for the custody, care, education and maintenance of any children of the marriage. Here it is undisputed that justice requires for the care and maintenance of these children that they be permitted to continue to reside in their present modest home which is now owned by the parties as tenants in common. This statute contains all of the authority that is necessary for the order below. This is not an adjudication of a real property right nor is it of consequence that no judicial decision can be found in which such relief has been previously granted. The sequestration of real property in a matrimonial action is not novel and there is nothing new or startling in compelling a mother to permit her six small children to continue to live in a small house in which she has an interest as a tenant in common. It is asking little enough of her. Should conditions change and a new situation arise which would warrant some other arrangement, she can apply for and the court grant such relief, but for the present the facts surely justify the order of the Special Term and I vote to affirm.

This is only a question of power in the court to grant such relief as justice requires and that power is given by a statute in the broadest possible terms.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur in *Per Curiam* opinion; BLISS, J., votes for affirmance of the order appealed from, but dissents as to the modification, in a separate opinion.

Order appealed from modified in accordance with *Per Curiam* opinion, and as so modified, affirmed, without costs.