BEATRICE L. INFANTE, Plaintiff, *v.* RAY S. SPERBER, Defendant.

Supreme Court, Special Term, Nassau County, February 5, 1946.

*William H. Daly* for plaintiff.

*Irving Cahn* and *B. Elliott Burston* for defendant.

C. A. JOHNSON, J. . By this action the plaintiff seeks judgment that she be put into possession and share jointly with the defendant the occupancy and use of real estate of which the plaintiff and her husband, Alfred R. Infante, are tenants by the entirety.

The plaintiff and her husband were married in 1939. In 1943 they became the owners, as tenants by the entirety, of the premises involved in this action consisting of a dwelling and parcel of land in the village of Garden City, Nassau County, New York, which was thereafter used as the family home, one child having by then been born to them. Dissension arose between them and late in November, 1944, the plaintiff, with her child, left the family home and the parties have not lived together since then. About December 20, 1944, Alfred R. Infante, the husband, executed a written lease with Ray S. Sperber, the defendant in this action, whereby he purported to lease to Sperber the premises described in the complaint for a period of two years beginning January 1, 1945. In the latter part of that month Mrs. Infante learned that Sperber

was in possession of the premises and called at the house and made inquiries about the rent, saying that she owned the premises. Thereafter and in the month of February, 1945, a separation action was begun by Mrs. Infante against her husband and in May, 1945, she recovered a judgment of separation. There was testimony justifying the conclusion that during the pendency of this action and while negotiations were pending with respect to a determination of the action and a provision for support of the child of the marriage, Mrs. Infante took the position that she was not interested in possession of the premises but only in an accounting for the rent therefrom and that eventually by the judgment an award of alimony was made larger than she had at one time demanded or that the husband had agreed to pay. It would appear that this award of alimony was made with knowledge of the fact that the husband was in receipt of rentals from the premises. In any event, it does not appear that during the pendency of the action or prior to the entry of the judgment of separation, Mrs. Infante made any formal demand for possession of the premises or that she sought personally to collect the rent from the tenant. Shortly after the rendition of the judgment of separation she removed from the premises that portion of the furnishings of which she claimed ownership. It was not until August, 1945, that she demanded from the tenant permission to share the premises jointly with him; upon his refusal to admit her, this action was commenced.

There would seem to be no question that the law of the State is well settled that one member of a tenancy by the entirety may mortgage his interest in the estate during the joint lives of both tenants and that by the foreclosure of such a mortgage and the sale of the husband's interest in the premises under a judgment of foreclosure, the purchaser acquires the interest of the husband and becomes a tenant in common of the premises subject to the right of survivorship of the other tenant (*Hiles* v. *Fisher,* 144 N. Y. 306). Furthermore, it has been held that a husband's interest in a tenancy by the entirety is subject to a sale under execution upon a judgment against him and that a purchaser at such a sale is entitled, upon a showing of ouster, to maintain an action of ejectment to secure joint possession of the premises with the wife and is lawfully entitled to share with her the occupancy and use thereof (*Finnegan* v. *Humes,* 252 App. Div. 385, affd. 277 N. Y. 682).

The conclusion is inescapable, therefore, that the plaintiff is entitled to prevail in this action unless she has by some act or

conduct of her own adopted the defendant's lease as her own act or has otherwise recognized the authority of her husband to make the lease and has in effect ratified his action in so doing (*Valentine* v. *Healey*, 158 N. Y. 369). It is not overlooked that one vindictive spouse may, as one step in a domestic feud, seek to embarrass the other by making a lease or conveyance of an interest in premises held as tenants by the entirety so as to create endless confusion and trouble. That right seems necessarily to flow from the decisions cited. Upon all the testimony adduced in the instant case, however, I have come to the conclusion that the plaintiff is not entitled to judgment in this action. There is no suggestion that the husband's rental of the premises was made maliciously or spitefully; on the contrary, it may well be regarded as the natural act of a husband whose wife has left the family home, taking with her their only child. Although the plaintiff would not have been bound by this lease in the first instance, it is my conclusion that by her later conduct already referred to she ratified the husband's act and may not demand to be admitted to possession of the premises jointly with the defendant so long as he occupies the same pursuant to rights acquired by reason of the lease.

There will accordingly be judgment for the defendant on the merits, but without costs. Proceed on notice accordingly.