EVE T. SPLETZER, Plaintiff, *v.* ANTHONY A. SPLETZER, Defendant.

Supreme Court, Special Term, Kings County, March 15, 1951.

*I. Stanley Rosenthal* for plaintiff.

*Thomas J. Burns* for defendant.

BARTELS, J. This is an action by plaintiff wife for separation based upon cruel and inhuman treatment. In his answer defendant denies the allegations of the complaint and counterclaims for an annulment on the ground that plaintiff had fraudulently concealed her inability to procreate and fraudulently failed to perform her premarital promises to practice the precepts of the Catholic faith. Plaintiff now moves for an order (1) granting temporary alimony and support and maintenance of a fourteen-year-old daughter, (2) allowing her counsel fees, (3) directing the defendant to remove himself from the premises, (4) enjoining the defendant from molesting plaintiff, (5) compelling defendant to pay the carrying charges and repairs necessary to operate the premises occupied by the parties, and (6) awarding custody of the daughter to the plaintiff.

Defendant counters with a motion to ·dismiss the complaint upon the ground that it fails to state a cause of action, relying in his brief upon *Berman* v. *Berman* (277 App. Div. 560) and the allegation in paragraph " third " of the complaint " that

ever since the marriage of the parties hereto as aforesaid, the plaintiff and the defendant herein occupied and still continue to occupy an apartment in premises known as No. 1705 Dahill Road, in the Borough of Brooklyn, City and State of New York.''

The marriage took place on March 8, 1933. As far as the annulment is concerned, apparently defendant did not believe that time was of the essence. Plaintiff avers that she had no knowledge of her inability to reproduce, and that for two years following her marriage she was treated, with the knowledge and consent of her husband, by a physician for the purpose of curing this inability. She also swears that she is a convert to the Roman Catholic faith, and has lived up to its teachings and, further, that her daughter has been reared in accordance with its precepts and has graduated from a parochial school. The affidavits in support of plaintiff's motion are voluminous in itemizing the details of defendant's acts of mental cruelty and physical violence to the plaintiff and her daughter. In his answering affidavits, defendant does not address himself to the specific charges, and apparently does not deny that he was hailed before the Magistrate's Court on September 19, 1950, for assaulting the plaintiff, nor does he contradict the statements in the physician's affidavit annexed to the plaintiff's papers that upon examination of the plaintiff on the day of the assault the physician '' found that she had been brutally beaten '' and that the physician was compelled to treat her for a month thereafter.

If defendant's motion is well grounded, plaintiff's action as well as her motion must fail. Plaintiff points out that defendant's motion is ill-conceived because it does not specifically state the grounds for dismissal and that defendant has not complied with subdivision (e) of rule XII of the rules of this court (Bender's Court Rules [1st ed.], p. 292) with respect to the service of briefs. The court does not believe that any technical delay will serve the interests of justice in this case and prefers to proceed to the consideration of the merits of the motion. The success of defendant's motion depends in part upon the applicability of *Berman* v. *Berman* (277 App. Div. 560, *supra*) to the facts in this case as they appear from the pleadings and affidavits. In the *Berman* case, a judgment of separation of the trial court was reversed and the complaint dismissed because the plaintiff '' has not left the apartment in which both parties reside, and that during all the time of her complaints and even at the time of trial and since the trial plaintiff continued to reside in the same apartment with defendant '' (p. 560) and

because the judgment of separation contemplated that after the separation the parties would continue to live together. It was thought "contrary to the policy of the law and incongruous" for parties to be separated in law who were not separated in fact. Upon this motion plaintiff is not seeking a judgment of separation. She is seeking only temporary relief. Even if the *Berman* case were applicable, it would be no authority for the denial of the plaintiff's motion. There is no policy in the law which requires the parties to be separated before such a motion can be granted. To so hold would be to extend the policy of the *Berman* case to a preliminary motion without the support of the reason upon which it is founded. For the purposes of this motion this court cannot assume that a judgment of separation will be granted, or if granted, that the parties will be living together at the time of the judgment. Consequently, the motion is premature.

Notice is taken in this connection that before the *Berman* case there was authority in this department for the granting of a separation, even though the parties continued to live together after entry of judgment. See *Barone* v. *Barone* (N. Y. L. J., Jan. 29, 1947, p. 400, col. 7) where Mr. Justice FROESSEL denied the wife's motion to punish the husband for failing to leave the apartment after judgment of separation but stated that should the wife remove from the premises the denial of the motion was "without prejudice to her right to apply to this court for an allowance to cover her rental and related expenses which are now being paid by the defendant." The difficulties presented by the policy involved in the *Berman* case might properly be a subject for legislative consideration.

More important, however, is the fundamental difference between the facts of the two cases. In the *Berman* case plaintiff's right to remain in the apartment stemmed from her marital relationship with the defendant. In this case plaintiff's right to remain in the apartment arises from the nature of the title to the premises as well as from the marital relationship. While title by the entirety to the premises arose out of the marriage, the property interests of each party in the premises do not depend upon the continuation of the marital status. Each of the tenants by the entirety has an undivided one-half interest in the premises which he or she has a right to enjoy even after the marital status has been altered. (See *Hiles* v. *Fisher,* 144 N. Y. 306; *Lopez* v. *McQuade,* 151 Misc. 390, and *Infante* v. *Sperber,* 187 Misc. 9.) The question is thus posed whether the policy indicated by the *Berman* case requires the

denial of a judgment of separation to a spouse who is a tenant by the entirety unless that spouse is prepared to surrender or modify his or her right to possession of the premises as a condition precedent to the separation. While a separation in law without a separation in fact might be as incongruous in the one case as in the other, a requirement of separation in fact by the tenant by the entirety as a condition precedent to a separation in law might open the door to many possibilities on the part of a vindictive spouse to unjustly deprive the other of a valuable property right. This court is unwilling to extend the principle of the *Berman* case to circumstances where the rights of tenants by the entirety to the enjoyment and usufruct of the premises might be seriously affected. For that reason also defendant's motion is denied. Ample authority for this conclusion may be found in *Lampert* v. *Lampert* (268 App. Div. 920) and *Morales* v. *Morales* (80 N. Y. S. 2d 449).

The parties have been married approximately eighteen years. They live on the top floor of a three-family house, title to which is in both their names as tenants by the entirety. Plaintiff collects rentals aggregating $163 per month from the other two apartments and the garage. Defendant, whose take-home pay is approximately $296 per month, pays the taxes and carrying charges of the premises. While there is no issue of the marriage, there is a fourteen-year-old daughter who was adopted at the age of three, who has developed a certain talent for acting and who attends a special school for the purpose. From time to time the child has been able to earn small sums which, according to the affidavits, have been employed for the child's schooling and have been invested by the mother for the child's account.

In view of the showing upon the motion papers, temporary custody and control of the adopted daughter is awarded to the plaintiff and plaintiff's motion in this respect is granted. Insofar as plaintiff in her motion seeks the aid of this court to enjoin the defendant from molesting her and to compel him to remove himself from the premises and to pay the taxes and carrying charges upon the home, the same must be and is denied. Upon this motion *pendente lite* for alimony and counsel fees it is well settled that this court has no power to issue such injunctive or mandatory directions (*Cohn* v. *Cohn*, 246 App. Div. 537; *Goodwin* v. *Goodwin*, 172 Misc. 118). The court does have within its power, however, the ability to fix and award alimony *pendente lite* upon the admission of the defendant that he is paying the taxes and carrying charges upon the home and also the ability to change the award if the conditions are sub-

sequently changed. (See *Lampert* v. *Lampert, supra,* and *Barone* v. *Barone, supra.*) That portion of the plaintiff's motion addressed to temporary alimony and counsel fees is also granted. Under the circumstances $27.50 per week is allowed as temporary alimony for plaintiff and the support and maintenance of the fourteen-year-old daughter. If there be a change in circumstances due to the failure of the plaintiff to receive the rentals presently received by her or due to the failure of defendant to continue to pay the taxes and carrying charges on the house, plaintiff may make a new application to this court for additional relief. Since plaintiff's counsel has already received $250 on account from plaintiff, additional counsel fees are fixed at $300, one half of which is to be paid within ten days after the services of a copy of the order to be entered hereon and the balance on or before the day of trial. Settle order on notice.