D. Ormonde Ritchie, J.
This is an action for a separation upon the ground of cruel and inhuman treatment. At the close of the plaintiff’s case, the defendant withdrew his answer to the complaint but reserved the right to contest the amount of alimony to be awarded to the plaintiff for her support and the infant daughter of the marriage and any counsel fee that might be awarded to the plaintiff. Being satisfied that the plaintiff had made out a prima facie case, the court directed judgment of separation in her favor and against the defendant. The credible evidence in the case reveals that the average net earnings of the defendant from his profession during the last five years amount to approximately $6,750 a year. In addition thereto he has bank deposits and savings bonds amounting to about $9,200. However, it appears that his financial burden is somewhat heavy. His son recently became mentally incompetent, thus compelling him to incur substantial debts in an effort to cure the boy, some of which are still unpaid. Then too, the marital home owned by him is heavily mortgaged and the carrying charges are considerable. His resources have been further unduly taxed by reason of the fact that his wife locked him out of this home where she is now living with the daughter, thereby *799 making it necessary for Mm to incur expense in supporting Mmself outside the marital home. In the light of the foregoing facts, the plaintiff is allowed permanent alimony in the sum of $75 a week for the support and maintenance of herself and the infant daughter, the payments to commence as of April 15,1957. A counsel fee of $500 is also allowed. At the close of the trial, defendant’s counsel requested-that the judgment of separation contain a direction that the plaintiff and the daughter remove from the marital home. Despite the fact that the defendant is the fee owner of the premises, the court has no power to make such a direction in the absence of a statutory provision allowing it and there is none. Ejectment appears to be his only remedy. Custody of the infant daughter is awarded to the plaintiff.' Inasmuch as it is apparent that the daughter is antagonistic towards her father, no useful purpose will be served by allowing him visitation rights.