Benjamin Bbenner, J.
Motion by the plaintiff wife for possession of a co-operative apartment presently occupied by the defendant husband and for a counsel fee.
Plaintiff seeks the removal of the defendant from the co-operative apartment although the shares of stock relative to same have been issued to him, it being her claim that she has contributed to both the cost of the apartment and to its upkeep. A sharp issue has thus been raised as to joint ownership of the property relative to which this court has no power to make a disposition on motion. Hence, if plaintiff claims ownership or joint ownership of the co-operative apartment, as she apparently does relative to certain items of furniture and other personal property, all of which claims are disputed by the husband, she must seek relief by appropriate action to recover same. (Adelman v. Adelman, 3 A D 2d 839.)
Moreover, section 1164-a of the Civil Practice Act is not applicable here since it empowers the court in matrimonial actions to direct sole occupancy to either party only when it is undisputed that the premises are owned as tenants by the entirety. (Donnelly v. Donnelly, 272 App. Div. 779; Cox v. Cox, 266 App. Div. 38; Nai v. Nai, 129 N. Y. S. 2d 838; Goodwin v. Goodwin, 172 Misc. 118.)
Plaintiff’s motion for counsel fee pendente lite is granted and defendant is directed to pay to her the sum of $200, one half of which shall be paid within 15 days after service of a copy of an order to be entered herein, and the remainder when the cause first appears on the calendar for trial, with leave, however, to apply to the Trial Justice for an additional counsel fee.
Settle order on notice.