Hofstadter, J.
(dissenting). I dissent. I fear the disastrous effect of affirmance as precedent. It holds a potential of mischief and grief to unfortunate women and their children — in less favored circumstances than those of the parties to this proceeding. I am loath to convert the honorable role of wifehood to the dubious status of licensee — and, in turn, evictee — by unnecessarily expansive judicial legislation.
*601 The parties here are husband and wife, living separate and apart; but there is no judicial decree of divorce or separation outstanding, nor a formal separation agreement between them. Sometime last year, when they were living together in their matrimonial home — a co-operative apartment legal title to which was in the name of the husband — the wife delivered to the husband a note wherein she stated that though she decided to live apart from him, she would nevertheless like to remain in the apartment until she found another place. She also stated that she would get out “ as quickly as possible ” and in any case not longer than two months; she suggested that he meanwhile stay at another apartment which he apparently kept. On the expiration of the stipulated period she declined to remove from the apartment; the husband sought and secured an order of eviction.
The question is whether a husband may evict his wife by summary proceedings from a matrimonial domicile, when there is no decree of divorce or separation, nor a formal, binding separation agreement. The only reported cases hold in the negative — such proceedings, they decide, cannot be maintained (Cipperly v. Cipperly, 104 Misc. 434; Brooks v. Brooks, 146 Misc. 335; Wright v. Wright, 188 Misc. 268).
My brethren disregard these holdings because of the letter the respondent wife wrote, and the effect they accord it under the 1951 amendment to section 1411 of the Civil Practice Act, as a license to the wife to occupy the apartment. In this letter she said: “ Since I have decided to live apart from you, I appreciate your allowing me to remain in this apartment until I find a permanent place in which to move. I shall try to accomplish this as quickly as possible and in any case, I shall not stay any longer than two months. ’ ’ At the same time she gave him her check for a month’s “ rent ” of this apartment. The husband after the expiration of the two months served a formal notice on his wife that he elected to terminate the “ license ” and that unless she moved before a stated day, he would commence summary proceedings under subdivision 8 of section 1411 of the Civil Practice Act. This subdivision now provides: “ 8. In any case not otherwise provided for in this article, where he is a licensee of the person entitled to possession of the property at the time' of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, or (c) his licensor is no longer entitled to possession of the property;”.
Subdivision 8 of section 1411 was enacted by chapter 273 of the Laws of 1951, following a report of the Law Revision *602 Commission (1951 Report of N. Y. Law Rev. Comm., p. 43). Reliance is placed on this quotation from the report: “ Commonly, realty occupied by married persons will be held in the name of one spouse. "When the husband and wife separate, the spouse with the legal right to possession may be unable to induce the other to move from the house or apartment ” (p. 65).
In my view, the majority misinterpret both the commission’s .comment and the legislative enactment. The topical heading of the paragraph in which the quotation appears is: “(e) Spouse Remaining on Premises after Separation or Divorce.” (Emphasis supplied.) This juxtaposition of separation with divorce carries a clear implication that the reference is to a finalized separation through, judicial decree or formal agreement creating a new status and not to a loose projected arrangement such as that embodied in the letter of January 4, 1959. There is no reason to suppose that the Legislature intended to go any further.
The Legislature should not lightly be deemed to have purposefully given a husband or wife the right to remove the other from the matrimonial home by summary proceedings and to have placed in their hands such a ready means of disrupting the family. The Legislature must express itself more explicitly than it has in this instance before its action can be given such far-reaching effect. The broad, general language of subdivision 8 of section 1411 of the Civil Practice Act, fairly and reasonably read, may not be held to confer on one spouse the right by summary proceedings to remove the other from the home in which they have been living together as husband and wife before there has been a change in their matrimonial status by judicial determination or other jural act.
I think that it is clear that we are not required as a matter of statutory construction to give the subdivision the interpretation contended for by the respondent; and that it should be construed as a fair reading above set forth indicates. Indeed, even if both interpretations are permissible as a matter of semantics, we should avoid one which is contrary to traditional public policy manifested by the decided cases.
Strained relations between husband and wife need not invariably end in the break-up of the union; rifts, even though serious, may be and often are healed and bridged. It is the settled policy of the State to preserve the marriage relation and to encourage every measure towards that end. A summary proceeding for the removal of a spouse from the family home, before there has been a legal separation, flies in the face of that policy. Instead of arresting, it hastens and encourages the final sunder *603 ing of the marriage tie. It tends to obstruct rather than to open the path to reconciliation. The law cannot countenance such an easy method of destroying marriage and family.
When the wife wrote the letter claimed to constitute the “license” under which she thereafter occupied it, she was living in the apartment by virtue of her status as the petitioner’s wife. It is far from clear that the letter was intended to transform her status to that of a licensee, no longer occupying her home as of right, but only on sufferance of her husband. Even if, however, this was the intent, for the reasons stated, it may not be effectuated through summary proceedings.
The suggestion that the wife’s possession here was not by reason of the marital relationship but by virtue of a license begs the question; it does not achieve validity by repetition. In fact, her occupancy originated in that relationship — later occurrences were mere incidents of its deterioration. Nor is it important that she is 6 ‘ not going to be thrown out on the cold street ”. Perhaps not this wife — because of her means; but that can happen to other wives (and their children) less happily circumstanced, at the hands of irate, brawling, perhaps drunken husbands, who threaten them and from whom they secure permission to remain. Are these to be deemed licensees? And ultimately to become evictees?
We must think of these unfortunates. Our province and our competence encompasses more than reaching an ad hoc result which might be justified in the immediate situation. We are bound in duty not to exceed the limits of necessary construction of a new legislative enactment, and to refrain in a case of seemingly novel impression, from needlessly enunciating a new rule which carries the seed of much mischief in countless future cases.
For, precedents are not unlike stones thrown into the water. The ripples extend beyond the point of origin in the immediate context to broader areas of the law. Our determination, therefore, should manifest the salutary public policy exemplified by the earlier cases, rather than innovate by according the ready and drastic expedient of a summary proceeding in a husband-wife relationship. The battle front of domestic infelicity would shift from the family home where a quarrel might be composed, to a courtroom where it will explode. A new spate of cases would find their way not into the Domestic Delations Court, but to the Municipal Court.
We who sit in matrimonial causes, know that, frequently, the question whether spouses are “ separated ” in legal contemplation can become a most perplexing problem — a mixed question of law and fact. We ought not confide a multiplicity of these *604 questions to the Municipal Court as a mere incident of their jurisdiction in summary proceedings — these proceedings were not designed for that purpose. If we construe the new statute to require a judgment or formalized agreement, we avoid this undesirable eventuality — the rule, then, is definitive and self-executing. As the court said in Cipperly v. Cipperly (104 Misc. 434, 436, supra): “If there is to be a separation between the parties so that either may compel the other to live apart, the law provides a way of accomplishing it. The way provided is not Chis proceeding ” (emphasis supplied). And it was reiterated in Wright v. Wright (188 Misc. 268, 270, supra)-. “ When a husband and wife have been living together upon the wife’s property, and the wife becomes entitled to the sole and exclusive possession thereof, the husband cannot be summarily evicted, as an intruder or squatter, by summary proceedings * * *
(citing cases and other authorities). The usual form of action in which the right to possession of real property is determined, and possession thereof obtained, is an action in ejectment.” It is far better for us to relegate the husband to a conventional remedy, if he is entitled to any relief, than to open a Pandora’s box of vexatious possibilities. In this view, we need not reach the question whether the trial court was well advised to reject the wife’s contention that her letter was procured by duress (she was not represented by counsel), and that she had acquired an equitable interest in the proprietary lease.
The final order should be reversed and the petition dismissed.
Aurelio and Tilzer, JJ., concur; Hofstadter, J., dissents in opinion.
Final order affirmed, etc. Appeal from order dismissed.