Frank A. Gulotta, J.
This is an application for temporary alimony and counsel fees in a separation action based upon the cruel treatment of the plaintiff by the defendant and his open and flagrant adultery with a succession of paramours, to the humiliation and shame of the plaintiff.
The defendant does not even bother to discuss the latter activity in his papers in opposition and his protestations of innocence of the charge of cruelty are unconvincing.
The possession of substantial means of her own, precludes the granting of a counsel fee to the plaintiff (Lake v. Lake, 194 N. Y. 179) although the husband will be liable for same as for a necessary furnished to the wife in the event she is successful in the lawsuit.
The plaintiff claims that the defendant, who is a successful dentist, earns $40,000 per year, while he admits net earings of $17,000. It is not my understanding that the law requires the plaintiff to use her personal savings to support herself and the two children of the marriage while the action is pending and that an award may be made for this purpose only if she is destitute. Some intimation along these lines is contained in the early case Collins v. Collins (80 N. Y. 1 [1880]) but that case should be considered in its context, which involved a dispute which had been at issue for 10 years, and where the court, at page 13, said: “the course of the proceedings leads very strongly to the inference that alimony pendente lite, and not the final decree of dissolution of the supposed marriage contract, has been the real object in view
The defendant takes the further and somewhat paradoxical position that he may not be ordered to stay out of the matrimonial domicile, because title is exclusively in the name of the wife although he admits that under section 1164-a of the Civil Practice Act a wife may be given exclusive possession of a house owned by the entiréty.
The court’s power to protect the health and safety of the wife and children is as broad as the exigencies of the situation call for.
*139 Prior to the adoption of section 1164-a a husband could not be summarily deprived of his right to occupy a house owned by the entirety, but even then the court was not without power to order him to maintain a separate domicile for the wife and to stay away from it himself.
The argument that the extension of the court’s control with respect to a house owned by the entirety, has limited the court’s power to prevent a husband from molesting a wife in her own house, because no provision is made for it in the statute, is not persuasive.
Accordingly the motion for counsel fee is denied without prejudice to a plenary suit.
Temporary alimony is allowed in the amount of $200 per week and the defendant is ordered to vacate the house owned by the plaintiff. Suitable provision for visitation with the children may ibe made in the order to be entered herein. If the parties do not agree, the court will fix visitation in the order.