Louis B. Heller, J.
Plaintiff in this matrimonial action (separation) has been granted temporary alimony and counsel fees pursuant to an order of this court. Since the commencement of the action and to the present time the parties have continued to reside in the same abode with their two minor children. While living under a single roof, it is apparent from the record before the court that no marital relationship has existed between the parties for some time past and the marriage bond is meaningless. At the time of plaintiff’s application for alimony and counsel fees pendente lite, she sought to have defendant compelled to leave the common dwelling and the court advised her that it had no power to grant such relief, and properly so (Donnelly v. Donnelly, 272 App. Div. 779).
Plaintiff now applies to this court for the following relief: (1) that her husband be compelled to leave the apartment; (2) if the foregoing relief be not granted, then the amount of temporary alimony be increased to enable plaintiff to find an apartment and move; (3) for an injunction directing defendant to cease and desist from bis course of conduct. In support of this application, plaintiff’s affidavit alleges that, since the award *540 of temporary alimony and counsel fees, defendant has embarked on a course of conduct designed to harass and annoy plaintiff to the point of leaving the home. Several instances of petty and childish conduct are charged to the defendant. However, more serious accusations are leveled at defendant with regard to the welfare of the two minor children of this marriage. Defendant, in his opposing affidavit, categorically denies the charges and gives credible reasoning for such denial. In all actions of this character, where bitterness appears to overcome reasoning, it is difficult for the court to arrive at a proper determination of the issues raised and a thorough solution thereof that can only be resolved through the forum of a trial at which the parties and witnesses can be seen and heard by the court.
As noted above, the first relief sought by plaintiff is not available on the authority of Donnelly v. Donnelly (supra) wherein the Appellate Division of this Department modified a judgment of separation by striking out the provision ordering the defendant to move from the family home. Plaintiff’s request for an increase of alimony to enable her to find an apartment and move is denied. In the event defendant insists upon living in the same residence during the pendency of this action, the plaintiff may move elsewhere. Should plaintiff elect to move in consequence of the defendant’s continuing to reside in the family residence, she may apply to Special Term for an allowance to cover her rent and related expenses. Plaintiff’s prayer for injunctive relief is also denied. It is well settled that on this motion pendente lite this court has no power to issue such injunctive or mandatory directions (Cohn v. Cohn, 246 App. Div. 537; Goodwin v. Goodwin, 172 Misc. 118). Submit order.