Bernard S. Meyer, J.
May Special Term order a husband to vacate premises owned by his wife pending trial of an action for separation grounded on acts of physical violence? Mr. Justice (xulotta has recently held, in Budowsky v. Budowsky (24 Misc 2d 137, 138), that “ The court’s power to protect the health and safety of the wife and children is as broad as the exigencies of the situation call for ” but defendant husband argues that matrimonial jurisdiction being purely statutory and there being no statute authorizing the requested order, the court is without power to grant it. Goodwin v. Goodwin (172 Misc. 118) and Lieblich v. Lieblich (18 Misc 2d 798) hold, respectively, that neither by temporary order nor after judgment of separation may an order issue directing the husband to leave the matrimonial domicile. Both cases consider the question as one of power under the sections of the Civil Practice Act dealing with matrimonial actions; neither discussed section 878 of the Civil Practice Act as a source of power nor considered the effect of acts of violence on the holding made. The court concludes that in view of the acts of violence detailed by the wife and corroborated by affidavits of others, it has and should exercise the power to exclude the husband from residing in the premises owned by the wife.
A spouse owning property individually apparently may not maintain a summary proceeding because the nonowner spouse’s possession originated legally (Brooks v. Brooks, 146 Misc. 335; Goodwin v. Goodwin, supra; Mele v. Russo, 168 Misc. 760; Cipperly v. Cipperly, 104 Misc. 434; Wright v. Wright, 188 Misc. 268), although a question may be raised whether the final clause of subdivision 4 of section 1411 of the Civil Practice Act does not authorize such a proceeding after formal notice of revocation. Whether summary proceedings may be maintained or not, ejectment clearly is a proper remedy between spouses (Wood v. Wood, 83 N. Y. 575) and, it would appear, an action in ejectment could be joined in the same complaint with (Civ. Prac. Act, § 258) or consolidated with (Civ. Prac. Act, §§ 96, 97) the action for separation. Such a cause of action would furnish the basis for *8 issuance of a temporary injunction under section 877 of the Civil Practice Act.
In the absence of such a cause of action, what is the court's authority? The Appellate Division, Third Department, held in Cox v. Cox (266 App. Div. 38) that no order could be made in a matrimonial proceeding excluding one tenant by the entirety from the matrimonial residence notwithstanding the granting of a divorce. The court considered section 1170 of the Civil Practice Act and concluded that it did not grant the necessary authority and stated further that there was ‘ ‘ no statute or judicial decision that would warrant the adjudication of a real property right in a matrimonial action ” (p. 40). In Basch v. Basch (278 App. Div. 734) the same court restated that rule but intimated that a temporary order might be on a different footing.
In the Second Department, there developed a rule that payment by the husband of carrying charges on a house owned by plaintiff wife (Cohn v. Cohn, 246 App. Div. 537) or on premises jointly owned (Lampert v. Lampert, 268 App. Div. 920) should not be ordered, the wife being sufficiently protected by her right to move for increased alimony if forced to vacate by foreclosure. Donnelly v. Donnelly (272 App. Div. 779) relying on the Third Department’s decision in Cox v. Cox (supra), held that a husband could not be ordered to remove from or transfer possession of a rented family home, but modified the rule of Cohn v. Cohn (supra) to the extent of approving an order requiring the husband to pay the rent for the home, and recognized that if he failed to do so, or continued to reside in the premises, plaintiff might apply for additional alimony sufficient to pay the rent or obtain and maintain separate living quarters. The rule of the Donnelly ease has been applied to an apartment occupied by the spouses in a three-family home owned by them as tenants by the entirety (Spletzer v. Spletzer, 200 Misc. 614, 618) to a rented apartment (Barrone v. Barrone, N. Y. L. J., Jan. 29, 1947, p. 400, col. 7 [Froessel, J.]; Klein v. Klein, 25 Misc 2d 539) and in Appelbaum v. Appelbaum (81 N. Y. S. 2d 580), in which the decision does not indicate the ownership of the residence involved.
The First Department, on the other hand, held in Garson v. Garson (271 App. Div. 961) that section 1170 of the Civil Practice Act authorizes the making of an order directing a husband to remove from the apartment in which the parties had been residing, and that decision was followed in Lindley v. Lindley (162 N. Y. S. 2d 217, 222).
In the face of these divergent views, the Legislature on recommendation of the Law Eevision Commission enacted chapter *9 698 of the Laws of 1953 adding section 1164-a to the Civil Practice Act. The commission’s report (1953 Report of N. Y. Law Rev. Comm., pp. 481, 486), in apparent explanation of the limitation of the statute to separation actions, noted that under the rule of Stelz v. Shreck (128 N. Y. 263) divorce transmuted a tenancy by entirety into a tenancy in common making a partition action possible, whereas without power in the court to deal with property held by the entirety in a separation judgment, the property would continue to be a source of unending friction between the spouses notwithstanding the judgment. No mention was made in the report of property individually held, presumably because in that case, as in the case of divorced tenants by the entirety, there was an existing remedy. No inference with respect to individually held property may be drawn from the enactment of section 1164-a of the Civil Practice Act therefore (Budowsky v. Budowsky, 24 Misc 2d 137, supra).
The general rule is that ‘1 the power of equity or of a court having divorce jurisdiction will not be exercised to force or exclude one of the parties to the marital relationship from the family home or matrimonial domicil pending the outcome of divorce or separation proceedings, in the absence of a positive showing of certain and immediate necessity to protect the safety of person or property.” (Ann. 164 A. L. R. 321, 338; emphasis supplied.) Injunctions against such violence were issued in both Laurie v. Laurie (9 Paige Ch. 234) and Gardner v. Gardner (87 N. Y. 14) although in neither case was the propriety of the issuance of the injunction considered. Even if it be assumed, therefore, that Goodwin v. Goodwin (172 Misc. 118, supra) and Lieblich v. Lieblich (18 Misc 2d 798, supra) were correct in extending the rule of the Cox and Donnelly cases to individually held property, defendant’s acts of violence provide the basis for issuance of a temporary injunction under section 878 of the Civil Practice Act. That section authorizes an injunction order where it appears that defendant during the pendency of the action is doing or threatens to do “ an act in violation of plaintiff’s rights respecting the subject of the action and tending to render the judgment ineffectual”. Violent acts by defendant committed or threatened upon the person of plaintiff are clearly in violation of plaintiff’s marital rights, the subject of the action, and to the extent they are, by denial of the injunction, permitted to continue pending trial of the action the judgment is rendered ineffectual. Under a similar provision of the California Code, it was held in Smith v. Smith (49 Cal. App. 2d 716) that a temporary order excluding a husband from the marital home was justified where he had discharged a gun in the home. Defend *10 ant’s acts in throwing glasses and chasing plaintiff from her home after midnight clad only in a housecoat, and his assault upon her during the week end of September 17,1960, warrant the making of a similar order herein. Bond is fixed at $1,000.
While defendant will be excluded from living in the matrimonial home during the pendency of the action, it is not intended thereby to exclude him from visitation with his children. The order to be settled hereon shall contain such provision with respect to time and place of visitation as the parties may agree upon, or, if they are unable to agree, the court will fix those details in the order. The order may also provide pursuant to and upon compliance with rule 11 of the Nassau County Supreme Court Buies that the matter be set down at the foot of the Special Term, Part II, Calendar for December 1, 1960, subject to the Justice presiding.