James A. Roe, Jr., J.
In an action for an annulment or, in the alternative, for a divorce, plaintiff wife moves (1) for temporary alimony, (2) exclusive use and occupancy of the one-family house allegedly owned by her individually and presently occupied by the defendant, and (3) security for the payment of sums that will be required from time to time for her support.
Plaintiff, in support of her motion, contends that the defendant, at the time the parties were married in 1946, was already married to one Beatrice E. Smith. She attaches to the papers herein a certified copy of a certificate indicating a marriage between the defendant and Beatrice E. Smith in 1941. In any event, she argues, the defendant has committed various acts of adultery. The plaintiff claims that the defendant is the owner and operator of a bar and grill located in Brooklyn, New York, and estimates his income to be well over $10,000 per year. She contends that she is the owner of record of a one-family house located in Queens; that the defendant is presently occupying the house and also rents out some of the rooms; that the mortgage payments on said property have not been made and that foreclosure is threatened; furthermore, that the defendant is attempting to sell the house. She, therefore, requests that she *541 be granted exclusive occupancy and possession of the house and that the defendant and the various persons who are now occupying the house be directed to remove therefrom. Finally, she claims that her financial situation necessitates her working but because of her ill health she can only accept employment on a day-to-day basis. Consequently, her earnings are limited to between $50 and $73 per week.
The defendant, in opposition, denies in a bare conclusory statement, being married to Beatrice E. Smith at the time of his marriage to the plaintiff, or that he committed adultery. Furthermore, he contends he does not own the bar and grill located in Brooklyn, as claimed by the plaintiff. He states he was employed as the manager thereof but was fired and thus is presently unemployed. He contends that the plaintiff is merely the owner of record of the house located in Queens; that actually the property is held by plaintiff and himself jointly, since he has an unrecorded deed in both their names.
While there is some conflict in the record concerning the defendant’s financial resources, the court is of the opinion that at least his financial potential is such that would warrant granting temporary alimony. Ordinarily, the remedy of a wife who owns property individually, in order to gain exclusive use and possession of the property and to exclude the husband from residing in the premises, is an action of ejectment. However, in a matrimonial action, a showing of necessity to protect the wife or the property would warrant the court granting such relief. (See Mayeri v. Mayeri, 26 Misc 2d 6; Budowsky v. Budowsky, 24 Misc 2d 137.) In view of the uncontradicted claims concerning the arrears in mortgage payments and the attempt by the defendant to sell the house, the court concludes it should exercise its power and grant the wife exclusive use and occupancy of the property. Finally, the court is of the opinion that the circumstances here present do not warrant the granting of security.
Accordingly, the motion is granted as follows: The defendant is to pay the sum of $60 per week for the support and maintenance of his wife. The plaintiff is granted exclusive use and occupancy of the house of which she is the owner of record. This determination is not to be construed to affect persons other than the defendant, who may be presently residing in the house. These persons are not now before the court, nor has the nature of their occupancy been fully developed. Thus, the court is without power to affect their rights. It goes without saying, however, that the plaintiff may resort to any other remedy available to her concerning the afore-mentioned persons.