Emilio Nunez, J.
The only contested issues in this action for an absolute divorce are custody of three minor children, amount *397 of alimony to be paid, and defendant’s claimed right to reside in premises owned by the parties hereto as tenants by the entirety.
After trial, I find that plaintiff has sustained the burden of proof establishing that defendant committed adultery at the time and place alleged in paragraph 4 of the complaint and that she is entitled to a decree of divorce. I further find that Vincent, Mona and Carol are the lawful issue of the marriage and that plaintiff has established all other material allegations of her complaint.
The parties are owners by the entirety of the premises where they resided together, with their children, until May, 1962, when defendant committed the adultery upon which this action is based. iSince then, plaintiff and the children have continued to occupy the premises. Defendant has insisted upon his claimed right to have access and reside therein by virtue of ownership. His wife strenuously objects to his presence and refuses to remain under the same roof with her husband.
After observing both parties during the trial and conferring at length with their attorneys, I am of the firm opinion that Mr. Carloni should remain away from the matrimonial abode. Both parties are exceptionally high strung and apparently cannot meet without a violent argument ensuing. The wife asserts she is in fear of her personal safety and has claimed actual physical violence by her oldest child at the command or suggestion of his father. Mr. Carloni denies all allegations of violence or misconduct, with equal vigor, and takes the position that the court is powerless, in this matrimonial action, to exclude him from the premises.
A husband was excluded where the court found it necessary to do so in order to protect the wife’s safety and the proper care of the children (see Mayeri v. Mayeri, 26 Misc 2d 6). Garson v. Garson (271 App. Div. 961) is authority for the court’s power to issue such an order, pursuant to sections 1170 or 878 of the Civil Practice Act. So is Lindley v. Lindley (162 N. Y. S. 2d 217). The Second and Third Departments seem to hold otherwise (see Donnelly v. Donnelly, 272 App. Div. 779 and Cox v. Cox, 266 App. Div. 38).
In a conference recently held with the court, counsel for both parties agreed to place the property on the market and attempt to effectuate a sale within the next 90 days. In any event, upon this divorce becoming final, the tenancy by the entirety will be transmuted into a tenancy in common, thus entitling either party to partition (see Stelz v. Shreck, 128 N. Y. 263).
*398 In the interests .of the welfare of the children and the parties themselves, and in order to avoid an intolerable source of irritation, I hold that Mr. Carloni should be excluded from the premises. [Remainder of opinion not of general interest and not published — Rep or ter. ]