Louis B. Heller, J.
This is an application in the nature of a mandamus pursuant to article 78 CPLR wherein petitioner seeks an order to direct respondent New York Telephone Company to restore telephone service at his place of residence and to direct the return of the telephone instrument required for the restoration of service which, movant alleges, respondent Police Department, unlawfully removed. Respondent Police Department cross-moves pursuant to CPLR 1003 to dismiss the petition as to it on the ground that it is neither an indispensable, necessary nor proper party to this proceeding.
It appears from the submitted papers that the petitioner from September 21, 1964 to September 3, 1965 was the possessor of telephone number 375-0167, which the respondent Telephone -Company had assigned to him in apartment 2A of the subject *310 premises in Brooklyn, New York; that on September 3, 1965, the telephone service furnished petitioner was interrupted by reason of a police investigation pursuant to a search warrant, which investigation resulted in the arrest of petitioner’s father for alleged violation of sections 986 and 986-b of the Penal Law, the seizure of book-making records and gambling data and the removal of petitioner’s telephone instrument by the arresting police officer. Section 986 of the Penal Law expressly declares that it is a misdemeanor to aid or abet another in book-making. 'Section 986-a declares “Possession of book-making or pool-selling records ” to be a misdemeanor.
In this proceeding the court is not concerned with the search and seizure factor nor with the resultant arrest, for it is undisputed that the evidence seized by the arresting officer pursuant to the search warrant was ordered suppressed by a Judge of the Criminal Court, Kings County, after a hearing, and the warrant quashed on October 27, 1965, and that petitioner’s father thereafter was acquitted and the criminal charge against him was dismissed on December 7,1965.
The court notes that petitioner, per se, was in no way involved in the circumstances described herein which resulted in the removal of the subject telephone from movant’s residence. Further, it undeniably appears that petitioner at the time of these happenings was a member of the United States Armed Forces stationed in San Antonio, Texas; nor does respondent controvert petitioner’s statement that his telephone “ had never been used by him, or by anyone, with his knowledge and consent, for any illegal purpose,” and also asserts that he had no knowledge of telephone number 375-0167 having been used for illegal activities.
Subsequently, petitioner made written request to restore his telephone service. However, such request was denied by the respondent “at this time” allegedly on the recommendation of the Police Department’s Exhibit “ B ” dated January 20, 1966. Culled from the Police Department’s report, Exhibit “ B ”, the court observes that it contains a statement which supports petitioner’s posture. Paragraph 7 therein states “ Observations conducted by the assigned plainclothes [sic] during the course of this investigation failed to disclose any violations of law.” In view of such finding, respondent’s continued refusal to restore the telephone service as here requested was arbitrary and unreasonable. That the Telephone Company has the power and duty to withhold its service from persons using the service for unlawful purposes is indeed well established (Rosenthal v. N. Y. Tel. Co., 141 N. Y. S. 2d 459, 461).
*311 Here the situation is distinguishable from the facts found in the cases cited by respondent. The court in this proceeding finds that petitioner has shown a clear legal right to the relief sought. Unlike the cited cases, petitioner at no time was complained against or charged with any unlawful acts, and as the papers undeniably show, movant at that time was in the Armed Forces. Petitioner has been without service for about nine months and a private line should be restored to him. The evidence here is insufficient to justify the conclusion that petitioner will not lawfully use his telephone service. Albeit there is no proprietary right to petitioner’s former listing, the number to be assigned to him is left to the discretion of the respondent Telephone Company (Matter of Di Benedetto, 83 N. Y. S. 2d 920, and cases cited therein).
The motion is granted and the cross motion is denied as academic.