■ TERRI EPSTEIN, Respondent, v. HERBERT EPSTEIN, Appellant.— Order of the Supreme Court, Kings County, dated June 22, 1967, affirmed, with $10 costs and disbursements. No opinion. Brennan, Hopkins and Benjamin, JJ., concur; Christ, Acting P. J., and Rabin, J. dissent in part and vote to modify the order so as to deny so much of plaintiff's motion as was for a direction that she be given exclusive occupancy of the marital home for her and the child's use and to affirm the order as so modified. On the facts presented by the moving affidavits, it was an improvident exercise of discretion to award exclusive possession of the marital home to plaintiff wife prior to trial of this separation action. The court has the power to so direct under proper circumstances, but the record here does not establish that defendant husband's actions toward his wife have been such as to merit excluding him from his own home. Traditionally, a positive showing of necessity to protect the health and safety of the wife and children has been required before a court would grant such relief (*Mayeri* v. *Mayeri*, 26 Misc 2d 6, 9; *Budowsky* v. *Budowsky*, 24 Misc 2d 137, 138; see *Coleman* v. *Coleman*, 36 Misc 2d 540, 541). All we are presented with here is a marriage beset by arguments concerning financial matters and in which the parties have ceased to live together as man and wife. Defendant has neither committed nor threatened any violent acts upon his wife's person; and, although it may be distasteful for her to remain with him in their small three-room apartment, the mere fact that she is unhappy with his presence and wants him out is insufficient to support this order of exclusion. Physical separation is not a precondition to judicial separation (*Lowenfish* v. *Lowenfish*, 278 App. Div. 716).

■ FREEDOM FINANCE Co., INC., Respondent, v. NEW YORK TELEPHONE Co., Appellant.— In an action to enjoin defendant from discontinuing the telephone number of plaintiff, a licensed money lender, which number (GI-8-3633), transposed to letters on the telephone dial, spells GIVEMEE, defendant appeals from so much of an order of the Supreme Court, Richmond County, dated January 30, 1967, as denied its cross motion for summary judgment dismissing the complaint. Order reversed insofar as appealed from, with $30 costs and disbursements, and cross motion granted, with $10 costs. As against defendant, plaintiff had no proprietary and legal right to retain its present number (cf. *Matter of Goldman* v. *New York Tel. Co.*, 50 Misc 2d 309; *Slenderella Systems of Berkeley* v. *Pacific Tel. & Tel. Co.*, 286 F. 2d 488, 490). Plaintiff's contentions that, as applied to it, defendant's pertinent rules, regulations and threatened action are arbitrary, unreasonable and without authority under the pertinent statutes or regulations on file with the Public Service Commission and rest in whole or in part upon its own invalid self-serving rules and regulations, are to be determined in the first instance by the Public Service Commission (*Matter of M. R. Glass, Inc.* v. *New York Tel. Co.*, 48 Misc 2d 21). Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Christ, J. not voting.

■ REGINA HARRIS, Appellant, v. GEORGE HARRIS, Respondent.— Upon the stipulation of the attorneys for the respective parties, dated December 1, 1967, appeal from judgment of the Supreme Court, Nassau County, dated October 25, 1966, is deemed discontinued, without costs. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.